IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | C.A. No._____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DSS Technology Management, Inc. ("DSS") files this Complaint for patent infringement against Defendant Apple, Inc. ("Apple" or "Defendant") and alleges as follows:

## PARTIES

1. Plaintiff DSS Technology Management, Inc. is a Delaware corporation having its principal place of business at 1650 Tyson's Blvd, Suite 1580, Tyson's Corner, Virginia 22102.

2. On information and belief, Apple Inc. is a corporation organized under the laws of the State of California, and has a principal place of business at 1 Infinite Loop, Cupertino, California 95014 and/or is conducting business through an affiliate located at this address.

## JURISDICTION AND VENUE

3. This civil action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. DSS has an office in this District located at 3200 Troup Highway, Ste. 228, Tyler, Texas 75701.

5. On information and belief, Apple makes, imports, uses, sells, and/or offers for sale the Accused Instrumentalities (as defined below) within the United States, including this District, that infringe one or more claims of United States Patent No. 6,128,290 entitled "Personal Data Network" (the "'290 Patent"). The '290 Patent was duly and legally issued by the United States Patent and Trademark Office on October 3, 2000. A true and correct copy of the '290 Patent is attached hereto as Exhibit 1.

6. On information and belief, Apple makes, imports, uses, sells, and/or offers for sale the Accused Instrumentalities (as defined below) within the United States, including this District, that infringe one or more claims of United States Patent No. 5,699,357 entitled "PERSONAL DATA NETWORK" (the "'357 Patent"). The '357 Patent was duly and legally issued by the United States Patent and Trademark Office on December 16, 1997. A true and correct copy of the '357 Patent is attached hereto as Exhibit 2.

7. The '290 Patent and '357 Patent are collectively referred to herein as the "Asserted Patents."

8. DSS is the owner by assignment of all rights, title, and interests in the Asserted Patents, and is entitled to sue for past and future infringement thereof.

9. On information and belief, Apple is engaged in the business of developing and selling computers and consumer electronics. More particularly, Apple offers Mac Mini and iMac computers that provide wireless Bluetooth connections to a plurality of peripheral devices, namely a keyboard and a mouse. *See* http://www.apple.com/mac-mini/ and http://www.apple.com/imac/ (last visited November 20, 2013). Additionally, Apple advertises

the Mac Pro computer that will be offered for sale beginning in December 2013 that will also have a plurality of wireless peripheral devices.  *See* http://www.apple.com/mac-pro/ (last visited November 20, 2013).   The Mac Mini, iMac, and Mac Pro computers are referred to herein as the "Accused Computer Instrumentalities."

10. On information and belief, Apple sells a number of consumer electronic products that include the capability of using a plurality of Bluetooth wireless peripherals.  These products include the iPhone product line, iPad product line, iPod Touch product line, and iPod Nano product line (these product lines are referred to herein as the "Accused Consumer Electronics Instrumentalities").  At least by the filing of this action, Apple has been given actual notice of the existence of the '290 Patent and the '357 Patent.  In spite of having received such notice, Apple has intended, and continues to intend, to induce patent infringement by its customers, and, as of at least the filing date of this action, has had knowledge that the inducing acts would cause infringement or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement.  The Accused Computer Instrumentalities and the Accused Consumer Electronics Instrumentalities comprise the Accused Instrumentalities.

11. On information and belief, Apple, offers for sale, and sells the Accused Instrumentalities in this District via an interactive website, http://store.apple.com/us, that encourages a website visitor to purchase directly from Apple.  On information and belief, Apple also markets, offers for sale, and sells the Accused Instrumentalities via retailers in this District.

12. On information and belief, Apple directly and/or indirectly imports, manufactures, uses, offers for sale, and/or sells the Accused Instrumentalities within the

United States, including this District, that infringe one or more claims of the Asserted Patents.

13. Apple is a foreign corporation transacting business within the state of Texas; is causing tortious injury to DSS by committing all or part of the tortious acts described herein within the State of Texas, including this District; is causing tortious injury to DSS in the State of Texas, including this District, by committing all or part of the tortious acts or omissions described herein outside the state of Texas; and/or is causing tortious injury by committing all or part of the tortious acts or omissions described herein outside the state of Texas while regularly conducting or soliciting business or deriving revenue from goods used or consumed or services rendered within the State of Texas, including this District. Apple has transacted and continues to transact business in this District, and has committed acts of patent infringement in this District.  Therefore, this Court has general and specific personal jurisdiction over each of the Paradigm Entities under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) and 1391(c).

## GENERAL ALLEGATIONS

15. On information and belief, Apple is engaged in the business of developing, making or having made, using, offering for sale and selling the Accused Instrumentalities. Among the many features of the Accused Instrumentalities is the ability to connect to a plurality of wireless peripherals.  On information and belief, each of the Accused Instrumentalities constitute an integrated hardware and software solution that acts, among other capacities, as a data network system in which the server and the peripherals communicate in low duty cycle RF bursts.

## **FIRST CLAIM FOR RELIEF**
(Infringement of the '290 Patent)

16. DSS incorporates paragraphs 1 through 15 as though fully set forth herein.

17. Upon information and belief, Apple has been and now is directly infringing one or more claims of the '290 Patent by making, importing, using, offering for sale, and/or selling the patented inventions, and/or indirectly infringing one or more claims of the '290 Patent by actively inducing others to use the patented inventions.

18. More particularly, without limitation, Apple is now directly infringing one or more claims of the '290 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Computer Instrumentalities, all in violation of 35 U.S.C. § 271(a). The Accused Computer Instrumentalities provide a system for communicating data in which the server and the peripherals communicate in low duty cycle RF bursts as claimed in one or more claims of the '290 Patent. As shown by Apple's technical publications, the Accused Instrumentalities can be configured to perform the method(s) claimed in one or more claims of the '290 Patent.

19. In addition and/or in the alternative, Apple has been and/or now is indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the Asserted Patents in violation of 35 U.S.C. § 271(b).

20. At least by the filing of this action, Apple has been given actual notice of the existence of the '290 Patent. In spite of having received such notice, Apple has intended, and continues to intend, to induce patent infringement by its customers, and, as of at least the filing date of this action, has had knowledge that the inducing acts would cause infringement or,

alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement.

21.     The Accused Instrumentalities comprise the systems claimed in one or more claims of the '290 Patent.  Apple has engaged in indirect infringement by its post-complaint conduct of providing its customers with the infringing Accused Instrumentalities, and/or by providing the Accused Instrumentalities and providing instructions to enable those customers to use the Accused Instrumentalities, each of which constitute the system claimed in one or more claims of the '290 Patent.

22.     By way of example, and not as a limitation, Apple induces such infringement by at least making its website available to customers and providing links and/or other directions on its website and/or the internet to instruct and teach users to use the Accused Instrumentalities in an infringing manner.  Apple engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activities induce customers to directly infringe the Asserted Patents.  In addition, or, in the alternative, Apple engages in such activities knowingly, and, at least from the time of receipt of the present Complaint, has sold or distributed the Accused Instrumentalities knowing that such Accused Instrumentalities are especially made or adapted for use by its customers in an infringing use of one or more claims of the Accused Instrumentalities.  On information and belief, Apple's customers configure the Accused Instrumentalities to communicate as described and claimed in the Asserted Patents.  Thus, Apple's customers, by using the Accused Instrumentalities, directly infringe the claimed method(s) of the Asserted Patents.

23. DSS has been damaged by the infringing activities of Apple, and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court. DSS does not have an adequate remedy at law.

24. By the filing of this action, Apple has been given actual notice of the existence of the '290 Patent. Despite such notice, Apple continues in acts of infringement without regard to the '290 Patent, and will likely continue to do so unless otherwise enjoined by this Court. DSS is not presently seeking damages against Apple for indirect infringement for the period prior to the filing of this Complaint. However, in the event that DSS learns through discovery that Apple had actual notice of the '290 Patent prior to the filing of this Complaint, DSS reserves the right to seek damages for Apple's activities prior to filing.

## SECOND CLAIM FOR RELIEF
(Infringement of the '357 Patent)

25. DSS incorporates paragraphs 1 through 15 as though fully set forth herein.

26. Upon information and belief, Apple has been and now is directly infringing one or more claims of the '570 Patent by making, importing, using, offering for sale, and/or selling the patented inventions, and/or indirectly infringing one or more claims of the '570 Patent by actively inducing others to use the patented inventions.

27. More particularly, without limitation, Apple is now directly infringing one or more claims of the '357 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Consumer Electronics Instrumentalities, all in violation of 35 U.S.C. § 271(a). The Accused Consumer Electronics Instrumentalities provide a battery powered system for communicating data in which the server and the peripherals communicate in low duty cycle RF bursts as claimed in one or more claims of the '357 Patent. As shown by Apple's technical publications, the Accused Consumer Electronics

Instrumentalities can be configured to as systems described in one or more claims of the '357 Patent.

28. In addition and/or in the alternative, Apple has been and/or now is indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the Asserted Patents in violation of 35 U.S.C. § 271(b).

29. At least by the filing of this action, Apple has been given actual notice of the existence of the '357 Patent. In spite of having received such notice, Apple has intended, and continues to intend, to induce patent infringement by its customers, and, as of at least the filing date of this action, has had knowledge that the inducing acts would cause infringement or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement.

30. The Accused Instrumentalities comprise the systems claimed in one or more claims of the '357 Patent, and, when configured and used as described in Apple's technical publications, perform the method(s) described and claimed in the Asserted Patents. Apple has engaged in indirect infringement by its post-complaint conduct of providing its customers with the infringing Accused Instrumentalities, and/or by providing the Accused Instrumentalities and providing instructions to enable those customers to use the Accused Instrumentalities, in configurations which constitute the system claimed in one or more claims of the '357 Patent.

31. By way of example, and not as a limitation, Apple induces such infringement by at least making its website available to customers and providing links and/or other directions on its website and/or the internet to instruct and teach users to use the Accused Instrumentalities in an infringing manner. Apple engages in such activities knowingly and, at least from the time of

receipt of the present Complaint, has done so with the knowledge that such activities induce customers to directly infringe the Asserted Patents.  In addition, or, in the alternative, Apple engages in such activities knowingly, and, at least from the time of receipt of the present Complaint, has sold or distributed the Accused Instrumentalities knowing that such Accused Instrumentalities are especially made or adapted for use by its customers in an infringing use of one or more claims of the Accused Instrumentalities.  On information and belief, Apple's customers configure the Accused Consumer Electronics Instrumentalities as a battery powered system for communicating data in which the server and the peripherals communicate in low duty cycle RF bursts as described and claimed in the Asserted Patents.  Thus, Apple's customers, by using the Accused Instrumentalities, directly infringe the system claims of the Asserted Patents.

32. DSS has been damaged by the infringing activities of Apple, and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court.  DSS does not have an adequate remedy at law.

33. By the filing of this action, Apple has been given actual notice of the existence of the '357 Patent.  Despite such notice, Apple continues in acts of infringement without regard to the '357 Patent, and will likely continue to do so unless otherwise enjoined by this Court.  DSS is not presently seeking damages against Apple for indirect infringement for the period prior to the filing of this Complaint.  However, in the event that DSS learns through discovery that Apple had actual notice of the '357 Patent prior to the filing of this Complaint, DSS reserves the right to seek damages for Apple's activities prior to filing.

## REQUEST FOR RELIEF

WHEREFORE, DSS requests the following relief:

(a) A judgment in favor of DSS that Apple has directly infringed, and/or has indirectly infringed by way of inducement, one or more claims of the Asserted Patents;

(b) A judgment that DSS has been irreparably harmed by the infringing activities of Apple and is likely to continue to be irreparably harmed by Defendant's continued infringement;

(c) Preliminary and permanent injunctions prohibiting Apple and its officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused Instrumentalities, from further infringement, direct and indirect, of the Asserted Patents;

(d) A judgment and order requiring Apple to pay DSS damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the Asserted Patents, including pre- and post-judgment interest and costs, including expenses and disbursements; and

(e) Any and all such further necessary or proper relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, DSS hereby demands a trial by jury of all issues so triable.

| | |
|---|---|
| Dated: November 26, 2013 | */s/ Christopher M.  Joe*<br>**BUETHER JOE & CARPENTER, LLC**<br>Eric W. Buether<br>State Bar No. 03316880<br>Eric.Buether@BJCIPLaw.com<br>Christopher M. Joe<br>State Bar No. 00787770<br>Chris.Joe@BJCIPLaw.com<br>Brian A. Carpenter<br>State Bar No. 03840600<br>Brian.Carpenter@BJCIPLaw.com<br>Mark D. Perantie<br>State Bar No. 24053647<br>Mark.Perantie@BJCIPLaw.com<br>Michael D. Ricketts<br>State Bar No.24079208<br>Mickey.Ricketts@BJCIPLaw.com<br>Timothy J.H. Craddock<br>State Bar No. 24082868<br>Tim.Craddock@BJCIPLaw.com<br><br>1700 Pacific Avenue<br>Suite 4750<br>Dallas, TX  75201<br>Direct:      (214) 466-1272<br>Facsimile:  (214) 635-1828<br><br>*Attorneys for Plaintiff*<br>*DSS Technology Management, Inc.* |