| | |
|---|---|
| Christopher M. Joe<br>State Bar No. 00787770<br>Chris.Joe@BJCIPLaw.com<br>Eric W. Buether<br>State Bar No. 03316880<br>Eric.Buether@BJCIPLaw.com<br>Brian A. Carpenter<br>State Bar No. 03840600<br>Brian.Carpenter@BJCIPLaw.com<br>Mark D. Perantie<br>State Bar No. 24053647<br>Mark.Perantie@BJCIPLaw.com<br>1700 Pacific Avenue<br>Suite 4750<br>Dallas, Texas 75201<br>Telephone:   (214) 466-1272<br>Facsimile:   (214) 635-1828<br><br>Marc A. Fenster<br>State Bar No. 181067<br>mfenster@raklaw.com<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025<br>Telephone:   (310) 826-7474<br>Facsimile:   (310) 826-6991<br><br>Attorneys for Plaintiff<br>DSS Technology Management, Inc. | ELIZABETH DAY (SBN 177125)<br>eday@feinday.com<br>IAN N. FEINBERG (SBN 88234)<br>ifeinberg@feinday.com<br>DAVID ALBERTI (SBN 220625)<br>dalberti@feinday.com<br>YAKOV ZOLOTOREV (SBN 224260)<br>yzolotorev@feinday.com<br>MARC BELLOLI (SBN 244290)<br>mbelloli@feinday.com<br>NICKOLAS BOHL (SBN 245943)<br>nbohl@feinday.com<br>JEREMIAH ARMSTRONG (SBN 253705)<br>jarmstrong@feinday.com<br>**FEINBERG DAY ALBERTI &<br>THOMPSON LLP**<br>1600 El Camino Real, Suite 280<br>Menlo Park, CA 94025<br>Tel:  650.618.4360<br>Fax:  650.618.4368<br><br>Attorneys for Defendant<br>Apple Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>          Defendant. | CASE NO.  C 14-05330 HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

-1-

**JOINT CASE MANAGEMENT STATEMENT – CASE NO. C 14-05330 HSG**

Plaintiff DSS Technology Management, Inc. ("DSS") and Defendant Apple Inc. ("Apple") by and through their counsel of record, hereby jointly submit this Joint Case Management Conference Statement pursuant to the Scheduling Order for All Judges of the Northern District of California dated November 1, 2014, and Civil Local Rule 16-9 and request the Court to adopt the following as its Case Management Order in this case.

**1.    Jurisdiction and Service.**

This civil action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On November 7, 2014, the case was transferred to this Court from the Eastern District of Texas.  There are no remaining issues of personal jurisdiction or venue.  No parties remain to be served.

**2.    Facts.**

DSS filed this suit for patent infringement alleging that Apple infringes U.S. Patent Nos. 6,128,290 ("the '290 patent") and 5,699,357 ("the '357 patent") (collectively, the "Patents-in-Suit") on November 26, 2013 in the Eastern District of Texas.  The parties agree that the '357 patent is no longer at issue.  The accused products are Apple computer products that are sold with Bluetooth wireless peripheral devices, such as mice and keyboards.  DSS alleges that Apple directly infringes one or more claim of the '290 Patent by making, using, and selling the accused products.  DSS has served infringement contentions and amended infringement contentions on Apple.  Apple has served invalidity contentions and supplemental invalidity contentions on DSS.  Discovery is ongoing.

On October 28, 2014, a few days before the previously scheduled November 6, 2014, Claim Construction Hearing in the Eastern District of Texas, the case was stayed pending consideration of Apple's motion to transfer venue.  On November 7, 2014, the case was transferred to this Court.  All claim construction briefing is complete, and the case is ready for a Claim Construction Hearing.

**3.    Legal Issues.**

In the Complaint, DSS asserts that Apple infringes the '290 patent.  In its Answer, Apple

has asserted defenses and counterclaims, including non-infringement and invalidity. The case, therefore, will likely include the following issues:

    a) The proper construction of the asserted claims of the '290 patent;

    b) Whether Apple is infringing or has infringed claims 1, 2, 3, 4, 6, 7, 9, and 10 of the '290 patent.

    c) What damages DSS is entitled to;

    d) Whether such damages, if any, are limited under 35 U.S.C. §§ 286, 287, or 288;

    e) Whether DSS's remedies are limited under 28 U.S.C. § 1498;

    f) Whether this case is exceptional within the meaning of 35 U.S.C. § 285, entitling the prevailing party to reasonable attorney's fees;

    g) Whether the asserted claims of the '290 patent are invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112;

    h) Whether Apple's defenses and counterclaims defeat DSS's claims, including the defenses of non-infringement, invalidity, equitable estoppel, waiver, implied license, unclean hands, prosecution history estoppel, and/or laches;

    i) Whether Apple is entitled to declaratory judgment that the '290 patent is invalid;

    j) Whether Apple is entitled to declaratory judgment that it did not and has not infringed the '290 patent.

**4.  Motions.**

There are two pending motion: (1) Apple's Opposed Motion for Leave To Supplement Invalidity Contentions (Dkt. No. 78); and (2) DSS's Motion to Strike, or, in the Alternative, to Compel Production of Documents (Dkt. No. 80). These two motions were filed shortly before the case was stayed and transferred. The parties propose that the responses to these motions be due on April 14, 2015 and that the replies to the responses be due on April 21, 2015, with argument at

the Court's convenience.

Apple anticipates filing a motion to stay this matter pending the outcome of two *Inter Partes Review* proceedings regarding the asserted claims of the '290 patent prior to the April 7, 2015, case management conference.

The parties anticipate the filing of summary judgment motions. Other motions may be filed as the case progresses, and the parties reserve their right to address the same.

**5.      Amendment of Pleadings.**

The parties do not anticipate adding or dismissing parties. The parties anticipate dismissing claims relating to the '357 patent.

**6.      Evidence Preservation.**

The parties have instituted reasonable document retention measures to maintain relevant documents, including the issuance of a litigation hold for both hardcopy documents and electronic documents.

The parties propose continuing to follow the agreed E-Discovery Order entered by in the Eastern District of Texas. *See* Dkt. No. 32. The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.      Disclosures.**

The parties exchanged initial disclosures on April 25, 2014.

**8.      Discovery**

Discovery has begun and both sides have produced relevant documents. At this time, the parties have completed many of the obligations as required by the Patent Local Rules. DSS has served its disclosure of Asserted Claims and Infringement Contentions. Apple has served its Invalidity Contentions and accompanying document production. The parties have completed all claim construction exchanges, discovery, and briefing. Thee parties propose working together to propose a joint discovery order for this case going forward, with the Court resolving any disputes.

**9.     Class Action.**

This is not a class action.

**10.    Related Cases**.

There are the following related actions:

      a)    DSS has an action pending in the Eastern District of Texas regarding the infringement of the same patent against Lenovo (United States) Inc., Civil Action No. 6:14-cv-00525-JDL.

      b)    Apple filed two petitions for *Inter Partes Review* proceedings concerning the '290 patent on December 4, 2013 – IPR2015-00369 and IPR2015-00373.  DSS's preliminary response to these petitions is due on March 30, 2015

**11.    Relief**.

**DSS's Statement of Relief**:

DSS seeks the following relief:  (a) A judgment in favor of DSS that Apple has directly infringed, and/or has indirectly infringed by way of inducement, one or more claims of the '290 patent; (b) A judgment that DSS has been irreparably harmed by the infringing activities of Apple and is likely to continue to be irreparably harmed by Defendant's continued infringement; (c) Preliminary and permanent injunctions prohibiting Apple and its officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused Instrumentalities, from further infringement, direct and indirect, of the '290 patent; (d) A judgment and order requiring Apple to pay DSS damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the '290 patent, including pre- and post-judgment interest and costs, including expenses and disbursements; and (e) Any and all such further necessary or proper relief as this Court may deem just.

Regarding the computation of damages, DSS states that it has received insufficient discovery of sales and other information for the accused infringing products to complete its

computation of damages at this time. Accordingly, DSS reserves the right to supplement this disclosure at a later date as additional pertinent information becomes available through analysis, investigation, discovery, and deposition testimony or otherwise. DSS reserves its right to modify its computation of damages if and when any additional patents, or additional accused products, are added to this case. DSS states that it is entitled to no less than a reasonable royalty in this case for each infringing product sold by the Defendant. Precise damages calculations will be subject to expert testimony and must await the disclosure of documents and other discovery from the Defendants. Accordingly, DSS will provide its computation in accordance with the schedule for disclosure of expert opinion. See Advisory Committee Notes to the 1993 amendments to Rule 26(a)(1) ("a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person.").

**Apple's Statement of Relief**:

Apple will seek the following relief:

a) Dismissal of DSS's Complaint with prejudice, DSS recovering no damages;

b) A declaration that the Patents-in-Suit are invalid and/or unenforceable;

c) A declaration that the Patents-in-Suit are not infringed by Apple;

d) A declaration that this case is exceptional under 35 U.S.C. § 285; and

e) An award to Apple of damages, costs, attorneys' fees, and any further relief as the Court may deem just and proper.

**12. Settlement and ADR.**

The parties agree to a private mediation with a mutually agreed upon mediator.

**13. Consent to Magistrate.**

The parties do not consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References.**

This case is not suitable for reference to binding arbitration, a special master, or the

-6-

Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues.**

The parties will attempt to narrow issues by agreement and/or motion after discovery has progressed. The parties will also seek to stipulate as to facts not reasonably in dispute.

**16.     Expedited Trial Procedure.**

The parties agree that this is not the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.     Scheduling**.

The parties have completed claim constructions exchanges under Patent Local Rules 3-1 through 3-5 and 4-1 through 4-5. A claim construction hearing under Patent Local Rule 4-5 will need to be scheduled.

Apple provides the following dates in the event its forthcoming motion to stay is denied.

| DSS' PROPOSED DATE | APPPLE'S PROPOSED DATE | AGREED PROPOSED DATE | EVENT |
|---|---|---|---|
|  |  | March 2, 2015 | Last date to file Case Management Conference Statement |
|  |  | April 6, 2015 | Initial Case Management Conference |
| Concurrent with Claim Construction Hearing | Court's convenience |  | Claim Construction Tutorial (1/2 day) |
| Earliest Available after Motion to Strike is fully briefed | Court's convenience |  | Claim Construction Hearing (Patent Local Rule 4-6) |
|  |  | 50 Days after service by the Court of its Claim Construction Ruling | Last day to produce opinions of counsel and document production pursuant to Patent L.R. 3-7. |
|  |  | November 2, 2015 | Fact discovery cut-off |
| 60 days after service by the Court of its Claim Construction Ruling | December 2, 2015 |  | Initial expert disclosures/reports (on issues where the party bears the burden of proof) |

| DSS' PROPOSED DATE | APPPLE'S PROPOSED DATE | AGREED PROPOSED DATE | EVENT |
|---|---|---|---|
| 90 days after service by the Court of its Claim Construction Ruling | January 11, 2016 | | Rebuttal Expert Reports |
| 120 days after service by the Court of its Claim Construction Ruling | February 15, 2016 | | Close of Expert Discovery |
| 150 days after service by the Court of its Claim Construction Ruling | March 15, 2016 | | Deadline for Dispositive Motions and Daubert Motions |
| 180 days after service by the Court of its Claim Construction Ruling | April 18, 2016 | | Oppositions to Dispositive Motions and Daubert Motions |
| 201 days after service by the Court of its Claim Construction Ruling | May 9, 2016 | | Replies in support of Dispositive Motions and Daubert Motions |
| | | TBD by Court | Hearing on dispositive motions |
| | | TBD by Court | Final pretrial conference |
| | | TBD by Court | Trial |

**18.    Trial.**

DSS anticipates that trial will likely last approximately 5 days.  Apple expects 7 court days will be sufficient for trial.  The parties agree these dates may be reduced, depending on whetherr issues are resolved during the course of the litigation.  The case will be tried to a juryy.

**19.    Disclosure of Non-Party Interested Entities of Persons.**

Because this case was transferred, the parties have not filed Certifications of Interested

Person or Entities pursuant to Civil Local Rule 3-15, but the parties make their respective statements here. The parties will file their Civil L.R. 3-15 statements on or before Friday, March 6, 2015.

**20.  Professional Conduct.**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Other Matters.**

Briefing on claim construction is complete and the parties request a Claim Construction Hearing at the Court's earliest convenience. When the case was in the Eastern District of Texas, the court there appointed Richard D. Egan of Austin, Texas as a technical advisor. The following is Mr. Egan's contact information if the Court wishes to use Mr. Egan as a technical advisor going forward: Richard D. Egan – Egan, Peterman & Enders, LLP, 1101 S. Capital of Texas Hwy., Building C, Suite 200, Austin, Texas 78746, (512) 347-1611.

Patent Local Rule 2-1(a) requires the parties to meet and confer on the following additional topics:

    **a)  Proposed modification of the obligations or deadlines set forth in the Patent Local Rules to ensure that they are suitable for the circumstances of the particular case.**

None. The parties have completed most of the obligations and deadlines set forth in the Patent Local Rules. Any remaining obligations and deadlines are addressed in Section 17 above.

    **b)  The scope and timing of any claim construction discovery including disclosure of and discovery from expert witnesses.**

Claim construction discovery has already closed.

    **c)  The format of the Claim Construction Hearing, including whether the Court will hearing live testimony, the order of presentation, and the estimated length of the hearing.**

The parties propose no more than one day for the Claim Construction Hearing with alternating presentations by the parties for each disputed claim term, alternating which party presents first.

1 | Apple intends to offer live witness testimony from the inventor – Philip Carvey – at the claim construction hearing. DSS objects to Mr. Carvey testifying. *See* Dkt. No. 80.

### d) How the parties intend to educate the Court on the technology at issue.

The parties propose one half day for a technology tutorial prior to the *Markman* hearing with time split evenly between each side.

BUETHER JOE & CARPENTER, LLC

Dated: March 2, 2015

By: */s/ Brian A. Carpenter*
Brian A. Carpenter

Attorneys for Plaintiff
DSS Technology Management, Inc.

FEINBERG DAY ALBERTI & THOMPSON LLP

Dated: March 2, 2015

By: */s/ Marc Belloli*
Marc Belloli

Attorneys for Defendant
Apple Inc.