1   ELIZABETH DAY (SBN 177125)
    eday@feinday.com
2   IAN N. FEINBERG (SBN 88234)
    ifeinberg@feinday.com
3   DAVID ALBERTI (SBN 220625)
    dalberti@feinday.com
4   YAKOV ZOLOTOREV (SBN 224260)
    yzolotorev@feinday.com
5   MARC BELLOLI (SBN 244290)
    mbelloli@feinday.com
6   NICKOLAS BOHL (SBN 245943)
    nbohl@feinday.com
7   JEREMIAH ARMSTRONG (SBN 253705)
    jarmstrong@feinday.com
8   **FEINBERG DAY ALBERTI & THOMPSON LLP**
    1600 El Camino Real, Suite 280
9   Menlo Park, CA 94025
    Tel:  650.618.4360
10  Fax:  650.618.4368

11  Attorneys for Defendant
    Apple Inc.

12

13                  UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15  DSS TECHNOLOGY MANAGEMENT,        CASE NO.  C 14-05330 HSG
    INC.,
16                                    **REPLY IN SUPPORT OF MOTION TO**
              Plaintiff,              **STAY CASE PENDING COMPLETION OF**
17                                    **IPR PROCEEDINGS**
         v.
18                                    Date:    April 30, 2015
    APPLE INC.,                       Time:    2:00 p.m.
19                                    Crtrm:   15
              Defendant.              Judge:   Hon Haywood S. Gilliam, Jr.
20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 2

   A.   DSS's Cited Case Law Supports Staying This Case ......................................... 2

   B.   A Pending IPR Petition Will Save Judicial Resources ...................................... 4

   C.   A Stay Will Simplify Issues .............................................................................. 5

   D.   This Case Has Not Progressed Significantly ..................................................... 6

   E.   DSS Will Not Suffer Any Prejudice ................................................................. 8

III. CONCLUSION ............................................................................................................ 11

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*Astoria Fed. Sav. & Loan Assn. v. Solimino*,
  501 U.S. 104 (1991) ........................................................................................... 5

*AT&T Intellectual Prop. I v. Tivo, Inc.*,
  774 F.Supp. 2d 1049 (N.D. Cal. 2011) ................................................................ 6

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
  -- S. Ct. --, 113 U.S.P.Q.2d 2045 (U.S. Mar. 24, 2015) ...................................... 5

*Black Hills Media, LLC v. Pioneer Electronics (USA) Inc.*,
  No. 14-00471, 2014 WL 4638170 (C.D. Cal. May 8, 2014) .......................... 3, 6, 7, 8

*Cypress Semiconductor Corp. v. LG Electronics, Inc.*,
  No. 13-4034, 2014 WL 5477795 (N.D. Cal. Oct. 29, 2014) .................................. 8

*ESCO Corp. v. Berkeley Forge & Tool, Inc.*,
  2009 U.S. Dist. LEXIS 94017 (N.D. Cal. Sept. 28, 2009) .................................... 9

*Evolutionary Intelligence LLC v. Yelp Inc.*,
  No. 13-03587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) .......................... 4, 6, 9

*Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*,
  922 F. Supp. 2d 486 (D. Del. 2013) .................................................................... 3

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
  No. 13-01356, 2014 U.S. Dist. LEXIS 4095 (N.D. Cal. Jan. 13, 2014) ................ 4

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
  No. 14-1575, 2014 WL 3107447 (N.D. Cal. July 3, 2014) ................................. 2, 7

*Roche Molecular Sys., Inc. v. Cepheid*,
  No. 14-3228, 2015 WL 124523 (N.D. Cal. Jan. 7, 2015) ................................. 4, 5, 6

**Statutes**

35 U.S.C. § 314(b) ................................................................................................ 3

**Rules**

37 C.F.R. § 42.100(c) ........................................................................................... 3
37 C.F.R. § 42.107(a)-(b) ..................................................................................... 3

1        **I.    INTRODUCTION**

2            In its Opposition to Apple's Motion to Stay, DSS raises arguments that have been

3    repeatedly rejected, relies on inapposite case law from before the enactment of the new IPR

4    procedures, misrepresents other case law as supporting its position when it supports Apple, and

5    complains that a stay will cause "further expense and delay" when DSS itself has caused all the

6    delay by initially filing this case in an inconvenient forum.  DSS Opp. to Motion to Stay (Dkt.

7    No. 105) at 2 ("Opp.").

8            Despite DSS's misrepresentations, courts in this district still "strongly favor" motions to

9    stay based on similar facts.  *Advanced Micro Devices, Inc. v. LG Electronics, Inc.*, No. 14-1012-

10   SI, 2015 WL 545534, at *2 (N.D. Cal. Feb. 9, 2015).  Of the three factors routinely examined in

11   these proceedings, each favors staying this matter.  Discovery is not complete and will not be

12   complete until November 2, 2015.  Aside from some production of written documents, discovery

13   has not materially progressed, and the Court has not set a date for trial or a schedule for expert

14   discovery.  The IPR is very likely to simplify issues, and the PTAB will decide whether to

15   institute proceedings within the next two months.  There is no prejudice to Plaintiff, as DSS

16   admits, other than the short time it will take the PTAB to determine the invalidity of the patent-in-

17   suit, which by itself is insufficient to constitute prejudice.  That the '290 patent – the lone

18   remaining patent-in-suit – expires on March 6, 2016, makes this case a perfect fit for stay.  By

19   that time the only issue – in DSS's best case scenario – is past damages.

20           All of DSS's arguments against stay are unavailing.  First, DSS argues that this case is

21   significantly advanced.  But courts have found cases to be at an early stage that were more

22   advanced than this one, including where claims had been construed or depositions being taken.

23   Second, DSS argues that the IPR will not necessarily resolve all invalidity issues.  Again, courts

24   have found that the test is not whether ***all issues*** will be decided, but whether the IPR has the

25   potential to simplify the case.  Here, the IPR is actually likely to dispose of the entire case given

26   the limited number of remaining claims.  Third, DSS complains that the PTAB has not yet

27   decided whether it will institute proceedings.  Courts have acknowledged this position but have

28   found that the overwhelming likelihood that an IPR will be granted and the short amount of time

1

1    until a decision is made (here less than two months) can still favor a stay.  Finally, DSS argues

2    that Apple unduly delayed filing its IPR petition and then unduly delayed filing its motion to stay

3    (although it also argues that Apple should wait to file its motion to stay until after the PTAB

4    institutes a proceeding).  After identifying relevant prior art, Apple had to review it, retain

5    counsel to manage the post-grant proceedings, and that counsel had to review the art, chart it, and

6    prepare the petitions.  This was all done within a matter of months and within the statute's

7    allowed timeframe.  The delay that DSS laments is to be borne on its shoulders.  DSS brought this

8    case against Apple in the Eastern District of Texas where DSS had no meaningful ties, knowing

9    there was a significant likelihood that the case would be transferred.  DSS also sued Apple on

10   another patent despite[1] having no basis for doing so and eventually had to remove dismiss(?) it

11   from this case without any substantive decisions against the patent.  It is facts like these that have

12   caused delay, not Apple's proper filing of an IPR petition.

13       **II.    ARGUMENT**

14           **A.    DSS's Cited Case Law Supports Staying This Case**

15           The overwhelming majority of courts in this district have stayed cases pending IPR

16   petitions or proceedings.  That trend has continued in the last several months as well, despite

17   DSS's suggestions to the contrary.[2]

18           Indeed, several of the cases on which DSS relies ruled in favor of a stay.  For example,

19   DSS cites to *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. 14-1575, 2014 WL

20   3107447 (N.D. Cal. July 3, 2014).  But there the court found that despite the parties exchanging

21   document requests, interrogatories, claim construction positions, and contentions, there was "no

---

23   [1] U.S. Patent No. 5,699,357.  *See* Dkt. No. 1 at 7-9 ("Second Claim For Relief").

24   [2] *See, e.g.*, *Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. 14-3348, 2015 WL 1006582, at *1 (N.D. Cal. Mar. 6, 2015); *Advanced Micro Devices, Inc. v. LG Electronics, Inc.*, 14-CV-01012-SI, 2015 WL 545534, at *2 (N.D. Cal. Feb. 9, 2015); *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-03657, 2015 WL 496407, at *1 (N.D. Cal. Feb. 3, 2015); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-05501, 2015 WL 435457, at *1 (N.D. Cal. Feb. 2, 2015); *Roche Molecular Sys., Inc. v. Cepheid*, No. 14-3228, 2015 WL 124523, at *4 (N.D. Cal. Jan. 7, 2015); *Delphix Corp. v. Actifio, Inc.*, No. 13- 04613, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014); *Cypress Semiconductor Corp. v. LG Electronics, Inc.*, No. 13-4034, 2014 WL 5477795, at *2 (N.D. Cal. Oct. 29, 2014).

2

material progress in the litigation" and this "strongly favor[ed] granting [the] stay." *Id.* at *4. That decision also found that even if the IPR simplifies some, but not all of the issues, it still favors a stay. *Id.* at *4-5 ("Additionally, even if an IPR will only simplify some, but not all, of the issues in a case, this factor will weigh in favor of a stay… the value of simplification still obtains"). This undermines DSS's argument that the Court should not grant the stay because other invalidity issues will remain. Similarly, DSS quotes from *Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.,* 922 F. Supp. 2d 486 (D. Del. 2013). Opp. at 9. Here too the court also granted a motion to stay based on similar facts to those here where an IPR petition was pending and the case was at an early stage. *Id.* at 494.

        Most surprising, DSS relies on *Black Hills Media, LLC v. Pioneer Electronics (USA) Inc.,* No. 14-00471. DSS represents that this is a case "with analogous facts" and "the court denied a motion to stay." Opp. at 18-19. That is not the case—the court granted a stay based on analogous facts. *Black Hills Media, LLC v. Pioneer Electronics (USA) Inc.,* No. 14-00471, 2014 WL 4638170, at *5-7 (C.D. Cal. May 8, 2014). DSS neither attaches the decision to its motion nor provides a citation. Instead it provides a docket number and then an "id." citation. Opp. at 18-19. It is true that the court denied a stay as to a subset of the issues that were unaffected by the IPRs in question; the IPRs were related to "Common Patents" that were involved in multiple litigations, and there were "Sonos-only patents" that were allowed to continue. Id. at *7 ("Thus, the Court GRANTS Defendants' Motion with respect to the Common Patents and…for the Sonos Case, STAYS all proceedings with respect to the six Common Patents asserted in that case."). In particular, the court found that despite toiling for two years on the docket, the case had made little substantive progress. *Id.* at *5. In particular, the court recognized that despite exchanging infringement contentions, invalidity contentions, some written discovery, and two depositions, because fact discovery was not set to close for several months (here it is not set to close until November 2, 2015, over 7 months from when Apple filed its motion), and trial was not imminent, a stay was appropriate. *Id.* The court also found that despite the PTAB using a different standard for claim construction and different presumptions, "the Court may also derive benefit from the PTAB's claim construction for the patents under review… its analysis would likely prove helpful

3

1    to this Court, no matter its final determination." *Id.* at *6.

2          Much of the remainder of DSS's case law is inapplicable because it involves pre-AIA

3    reexaminations or *inter partes* proceedings.  As courts in this district repeatedly emphasize, the

4    AIA significantly streamlined the IPR proceedings and tilted the balance of factors significantly

5    towards granting a stay.  *Evolutionary Intelligence LLC v. Yelp Inc.*, No. 13-03587, 2013 WL

6    6672451, at *2 (N.D. Cal. Dec. 18, 2013); *PersonalWeb Techs., LLC v. Facebook, Inc.,* No. 13-

7    01356, 2014 U.S. Dist. LEXIS 4095, at *7–8 (N.D. Cal. Jan. 13, 2014); *Roche Molecular Sys.,*

8    2015 WL 124523, at *2 (N.D. Cal. Jan. 7, 2015).  A number of other decisions from outside this

9    district are in accord.  Thus, a stay is warranted here.

10         **B.**      **A Pending IPR Petition Will Save Judicial Resources**

11         DSS argues that the Court should deny Apple's motion because the IPR petitions are

12   pending and the PTO will not determine whether it will institute the proceedings for another two

13   months.  As Apple explained in its opening brief, a number of decisions in this district reject such

14   an approach.  Instead, they have found that the likelihood that the IPR will be granted, in addition

15   to the relatively short time until a decision is made, still weighs in favor of a stay as it can save

16   judicial and party resources.  If *both* IPRs are not granted (statistically unlikely) then the Court

17   can lift the stay in June and only two months will have passed.[3]  If the either (or both) IPRs are

18   granted (quite likely) then the Court has not expended unnecessary resources holding a tutorial

19   and *Markman* hearing, and the parties have not had to expend significant time and resources

20   preparing for hearings, which will likely be mooted (or at least significantly influenced) by the

21   PTAB's ultimate decisions.  One court recently reviewed a number of cases and concluded:

22           Whether or not one claim remains in this litigation after the IPR concludes, the
             potentially significant reduction of claims and issues to be litigated favors a stay.

23           The early status of the IPR proceeding does not change this result. Several cases
             have granted a stay even where, as here, the PTAB has not yet decided whether to

24           institute an IPR.

25           * * *

26   _____

27   [3] The only dates on the current schedule are the *Markman* hearing on May 15, 2015 and the close
     of fact discovery on November 2, 2015.  tSubject to the Court's availability, these two dates could

28   be just shifted out two months.  Again, this scenario is highly unlikely, but far from prejudicial
     even if it were to occur.

1   Accordingly, a stay has the potential to greatly simplify these Court proceedings,
2   weighing in favor of a stay.

3   *Roche Molecular Sys., Inc. v. Cepheid*, No. 14-3228, 2015 WL 124523, at *4 (N.D. Cal. Jan. 7,

4   2015) (citing numerous cases in support); *Delphix Corp. v. Actifio, Inc.*, No. 13-04613, 2014 WL

5   6068407, at *2 (N.D. Cal. Nov. 13, 2014) ("At a minimum, instituting a brief, limited stay of

6   approximately five months to see whether and how the PTAB will act on Defendant's IPR

7   petitions will conserve judicial resources and avoid inconsistent results."); *see also Advanced*

8   *Micro Devices, Inc.*, 2015 WL 545534, at *3; *Coho Licensing LLC v. Glam Media*, No. 14–

9   01576, 2014 WL 4681699, at *2 (N.D. Cal. Sept. 17, 2014); *Evolutionary Intelligence*, 2014 WL

10  93954, at *3.  Thus, the fact that the IPRs have not yet been instituted should not weigh against a

11  stay as it still has significant potential to save judicial and party resources.[4]

12  ### C.    A Stay Will Simplify Issues

13  DSS argues that even if the IPR petitions are granted, invalidity issues will still remain

14  including prior art that is not before the PTO.  That is true, but it misses the point.  The question

15  is not whether an IPR will resolve all issues, but what is the likelihood that it will simplify the

16  issues and how significantly.  Without question, the IPRs can greatly simplify (if not completely

17  moot) these proceedings.

18

19  [4] The Supreme Court very recently reiterated the importance of agency decisions on issues that
20  are also pending before district courts:

21      Indeed, this Court has explained that because the principle of issue preclusion was
22      so "well established" at common law, in those situations in which Congress has
        authorized agencies to resolve disputes, "courts may take it as given that Congress
        has legislated with the expectation that the principle [of issue preclusion] will
23      apply except when a statutory purpose to the contrary is evident." [*Astoria Fed.*
        *Sav. & Loan Assn. v. Solimino*, 501 U.S. 104, 107 (1991)].  This reflects the
24      Court's longstanding view that " '[w]hen an administrative agency is acting in a
        judicial capacity and resolves disputed issues of fact properly before it which the
25      parties have had an adequate opportunity to litigate, the courts have not hesitated
        to apply res judicata to enforce repose.'
26

27  *B & B Hardware, Inc. v. Hargis Indus., Inc.*, -- S. Ct. --, 113 U.S.P.Q.2d 2045 (U.S. Mar. 24,
28  2015).

5

1    First, if the PTAB invalidates the patent, the case is over.  Second, the PTAB could

2    invalidate some claims and those claims would be removed from the case.  Again, this is

3    extremely significant.  Or some claims may be canceled and some amended.[5]  Or the PTAB could

4    reject all of Apple's arguments and Apple will not be able to re-litigate them here.  In any event,

5    the PTAB will offer its claim constructions, which at the very least can be informative to the

6    Court as to how the PTAB interpreted the scope of the patent.  *Black Hills Media*, 2014 WL

7    4638170, at *6 ("[T]he Court may also derive benefit from the PTAB's claim construction for the

8    patents under review…its analysis would likely prove helpful to this Court, no matter its final

9    determination.").

10    Other courts have rejected DSS's argument finding that the chance of simplifying the

11    issues is significant and that it is immaterial that other issues ***might*** remain.  For example, in

12    *Advanced Micro Devices, Inc.*, plaintiff raised the same argument that additional prior art

13    references and arguments remained and found that "this argument is true in every case where a

14    stay pending IPR is sought. The limitations of IPR estoppel are outweighed by the considerable

15    potential for simplification in this case, because if the PTAB determines that the Asserted Patents

16    are invalid, the issues of infringement, claim construction, and prior art would be moot."

17    *Advanced Micro Devices, Inc.*,  2015 WL 545534, at *4; *Bosch Healthcare*, 2014 WL 3107447,

18    at *4 ("Additionally, even if some claims survive, the PTAB's order will facilitate trial by

19    providing the court with the expert opinion of the PTAB and clarifying the scope of the claims.");

20    *Roche*, 2015 WL 124523, at *4; *AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F.Supp. 2d 1049,

21    1053 (N.D. Cal. 2011); *Evolutionary Intelligence*, 2014 WL 261837, at *7–8.

### D.    This Case Has Not Progressed Significantly

23    DSS tries to make much out of the little progress this case has had.  It is true that the

24    parties have exchanged contentions and have exchanged some written discovery, but that is

25    relatively slight compared to what remains.  For example, no factual depositions have been

---

[5] There are eight remaining asserted patent claims, three of which are independent claims.  If any of the independent claims is cancelled, the case significantly shrinks.  Even if any claim is amended, this case is over with respect to the amended claims due to the doctrine of intervening rights and because the patent expires on March 6, 2016.

6

1   taken.[6]  The Court has only recently set a date of November 2, 2015 for the close of fact

2   discovery.  This is nearly eight months from when Apple filed its motion.  There has been no

3   expert discovery, no expert depositions, no expert reports.  No dispositive motions have been

4   filed.  The Court has not yet set a date for these events or for trial.  And, while Apple has

5   produced a significant number of documents, much document discovery still needs to occur.

6   Indeed, there are a number of subpoenaed third parties (and to-be-subpoenaed third parties) from

7   which the parties will need to get documents.  For Apple, these third parties have information

8   regarding the ownership and licensing of the patent-in-suit as well as prior art.  For DSS, the third

9   parties have information regarding the components accused of infringement in the accused

10   products.  Moreover, DSS cannot contend document discovery is near completion when it

11   complained about Apple's document production in the Joint Case Management Statement even

12   though it has yet to serve document requests in this case.  Dkt. No. 96 at 5-6.

13        The ultimate question is whether there has been "material progress" in the case.  There has

14   not.  Again, the case law overwhelmingly supports Apple's position as Apple cited to in its

15   opening brief.  Additionally, in *Bosch Healthcare*, 2014 WL 3107447, at *4 (a case DSS relies

16   on), the court found that there was no material progress where "the parties exchanged document

17   requests and interrogatories…[Defendant] served invalidity contentions…no trial or claim

18   construction dates have been set, and the parties are not yet done with written discovery."  *Id.*  In

19   *Black Hills Media* (another DSS case), the court found that "these proceedings have made little

20   progress towards resolution. The parties have exchanged Preliminary Infringement Contentions,

21   Preliminary Invalidity Contentions, and claim construction terms, and have also submitted a joint

22   claim construction chart to this Court.  There has been only limited production between the

23   parties to date, and the depositions of two non-party inventors are scheduled to be completed

24   before the issuance of this order.  Discovery is not scheduled to end until August 4, 2014 [three

25   _____

26   [6] DSS argues that the one inventor deposition (who is adverse to plaintiff) is significant.  This
   deposition was only in the context of claim construction and did not address the factual issues in

27   this case concerning infringement, invalidity, or a reasonable royalty.  Moreover, DSS has not
   said that it will not be seeking to depose the inventor again outside the context of claim

28   construction.

7

months after the May 8, 2014 decision]." *Black Hills Media*, 2014 WL 4638170, at *5.  And in

*Advanced Micro Devices, Inc.*, the court was faced with nearly identical facts concerning the

stage of litigation.  The parties had exchanged disclosures, discovery requests, and contentions—

and produced "thousands of pages of documents" but found that "[a]lthough discovery is

underway, it is far from complete and no deadlines have been set.  Moreover, a trial date has not

been set, no expert reports have been served, no depositions have been taken, and no claim

construction briefs or summary judgment motions have been filed."  *Advanced Micro Devices,*

*Inc.*,  2015 WL 545534, at *2 (finding that the case was not advanced where "the parties have yet

to engage in the substantial and costly work of conducting expert discovery and filing summary

judgment motions or claim construction briefs").

It is true that here claim construction briefs have been filed.  But, as one court explained,

this by itself does not significantly advance the stage of the proceedings:

> There has been no dispositive motion practice, the claims have not been
> construed, and no deadlines for completing discovery, motion practice or trial
> have been set.  Despite this, Plaintiff argues that this factor weighs against a stay
> on the grounds that significant discovery has taken place and that the claim
> construction briefing has been completed. Dkt. 98 at 8–9.  ***Such progress,***
> ***however, does not warrant denial of a request for stay.*** See Intellectual Property
> *I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal.2011) (finding that although
> claims construction briefs had been filed, a stay was warranted where no expert
> reports had been exchanged, no dispositive motions had been filed, and no
> depositions had been taken); *accord PersonalWeb Techs.*, 2014 WL 4757816, *2
> (granting motion to stay pending reexamination where discovery was not
> complete and no trial date had been set).

*Cypress Semiconductor Corp. v. LG Electronics, Inc.*, No. 13-4034, 2014 WL 5477795, at *2

(N.D. Cal. Oct. 29, 2014).  Thus, DSS's arguments concerning the initial discovery that has

occurred and the filed claim construction briefing do not militate against the significant facts that

there has been no dispositive motion practice, the claims have not been construed, discovery is

not complete, there has been no expert discovery, and trial has not been set.

**E.     DSS Will Not Suffer Any Prejudice**

Other than the inherent delay involved in either waiting for the PTAB to issue a decision,

DSS does not argue that it will suffer any other purported prejudice.  Nor does DSS argue that

8

1    delay, by itself, is enough to prevent a stay.  Nor could it: "[a] delay inherent in the reexamination

2    process does not constitute, by itself, undue prejudice." *Evolutionary Intelligence*, 2014 WL

3    261837, at *3 (quoting *ESCO Corp. v. Berkeley Forge & Tool, Inc.*, 2009 U.S. Dist. LEXIS

4    94017, at *10 (N.D. Cal. Sept. 28, 2009)); *see also Software Rights Archive*, 2013 WL 5225522

5    at *5 ("Delay alone, without specific examples of prejudice resulting therefrom, is insufficient to

6    establish undue prejudice.").

7         DSS also admits it is not a direct competitor of Apple and thus not entitled to non-

8    monetary relief.  Opp. at 18.  Indeed, DSS cannot contend that it is entitled to anything other than

9    monetary damages should Apple be found to infringe because the '290 patent expires on March 6,

10   2016.  Thus, DSS implicitly concedes that it cannot offer an example of undue prejudice.

11   *Advanced Micro Devices, Inc.*, 2015 WL 545534, at *4 ("Considering the expedited IPR

12   resolution and the fact that the parties are not competitors, any harm from the temporary halt in

13   enforcing Plaintiff's rights in the asserted patents can be addressed through a final damages

14   award.").

15        The only argument that DSS offers is that somehow Apple acted improperly by waiting

16   seven months to file its IPR petition.  Opp. at 17.  According to DSS, Apple should have filed its

17   IPR petition immediately upon serving its initial invalidity contentions.  This ignores important

18   facts, many of which DSS recognizes in its own opposition.  First, the standard for an IPR

19   petition being instituted is different than for offering prior art in invalidity contentions.  *See*

20   *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12–3971, 2013 WL 5225522, at * 16 (N.D.

21   Cal. Sept. 17, 2013) ("Although there is no guarantee an IPR will eliminate all the claims at issue,

22   the higher standard to initiate an IPR ('reasonable likelihood that the petitioner would prevail

23   with respect to at least 1 of the claims challenged in the petition' as opposed to 'substantial new

24   question of patentability') gives at least some promise that certain challenged claims will be

25   struck down or amended if the PTO grants the petitions.").  Second, even upon determining that

26   its prior art was sufficient to file an IPR, Apple had to retain post-grant counsel to also review the

27   art, chart the references, prepare the petitions, and file the petitions.  This takes a significant

28   amount of time.  Regardless, DSS's argument is a red herring because Apple was within the one-

1   year statutory allotment to file its IPR petitions.  There was nothing dilatory or untimely about

2   Apple's IPR petitions, and Apple has not sought an unfair tactical advantage.  DSS's complaint is

3   strange considering that DSS also argues that Apple filed its motion *too early* because the PTAB

4   has not yet ruled on the petitions.  If Apple had waited until then, DSS surely would have

5   complained that the motion was *too late*—that Apple had waited too long and the case had

6   continued to progress.  In any event, Apple filed its motion to stay on March 12, 2014—less than

7   a month after the case was assigned to this Court after transfer.  One month is not dilatory – this

8   motion could not have been filed earlier.

9          DSS is correct that this case has experienced delay.  But that is entirely of DSS's making.

10  DSS was the one who chose to file this action in the Eastern District of Texas.  Its counsel knew,

11  or should have known, that there was a significant chance that case would be transferred

12  considering recent case law and the fact that DSS had no significant ties to that District.  Further,

13  DSS caused significant delays because it asserted a patent against Apple without adequate basis.[7]

14  The parties had to spend significant amount of resources concerning that patent until DSS

15  voluntarily withdrew it patent after Apple argued there was no basis for assertion.  These are all

16  factors within DSS's control.  If the expeditious resolution of this case—the timely determination

17  of its IP rights—was as essential to DSS as it laments, then it should have managed its case better.

18         DSS's arguments are meant to distract from the inconvertible facts.  There is no undue

19  prejudice to DSS.  Apple has not sought an improper tactical advantage or acted dilatory.  Apple

20  timely filed its IPR requests before the case was transferred to this Court, before a Case

21  Management Conference was set, before fact discovery was closed, before significant discovery

22  was completed, before expert discovery began, before dispositive motions, and before a trial was

23  set.  The PTAB will decide the IPRs by June 2015.  Yet if the Court does not stay the case, even

24  for the short period of time until the PTAB decides to institute proceedings, the parties will spend

25  resources unnecessarily.  More importantly, the Court will have to waste time hearing claim

26  construction arguments that will likely be mooted or modified based on the PTAB's review of the

27

28  [7] U.S. Patent No. 5,699,357.  *See* Dkt. No. 1 at 7-9 ("Second Claim For Relief").

10

1   patents and its claim constructions.  All of that effort will be wasted.

2   **III.    CONCLUSION**

3         This case is at a relatively early stage of the proceedings; claim construction and most

4   discovery remain outstanding, along with expert discovery, dispositive motions, and trial.

5   Apple's two IPR petitions, both of which will be acted on by the PTO by June 2015, will

6   significantly simplify or moot many of the issues in this case.  And a stay will not prejudice DSS

7   or provide an advantage to Apple.  For these reasons, Apple respectfully requests that the Court

8   stay this matter pending the PTO's resolution of Apple's two pending IPR petitions.

9

10   Dated:  April 10, 2015                                    FEINBERG DAY ALBERTI & THOMPSON LLP

11                                                                    By:    /s/ *Marc Belloli*

12                                                                            Marc Belloli
                                                                              Attorneys for Defendant
13                                                                            Apple Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPLE'S REPLY ISO MOTION TO STAY PENDING IPR-CASE NO. C 14-05330 HSG**