UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No.  14-cv-05330-HSG <br><br> **ORDER GRANTING MOTION TO STAY** <br><br> Re: Dkt. No. 99 |

On March 12, 2015, Defendant Apple Inc. filed a motion to stay the case pending completion of *inter partes* review ("IPR") proceedings.  Dkt. 99 ("Mot.").  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  *See* Civ. L.R. 7-1(b).  For the reasons articulated below, the motion is GRANTED.

**I.  BACKGROUND**

  **A.  America Invents Act**

By enacting the Leahy-Smith America Invents Act ("AIA"), Congress sought to "establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs" and "to create a timely, cost-effective alternative to litigation."  77 Fed. Reg. 48,680-01 (Aug. 14, 2014) (to be codified at 37 C.F.R. § 42.100 *et seq*).  To that end, AIA created the IPR procedure, by which the Patent and Trademark Office's ("PTO") Patent Trial and Appeal Board ("PTAB") may review the patentability of one or more claims in a patent.  *See* 35 U.S.C. §§ 311-319.  IPR replaces the previous *inter partes* reexamination procedure and converts the process from an examinational to an adjudicative one. *See Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013).

IPR allows any party other than the patent owner to challenge patent validity under 35 U.S.C. § 102 or § 103 "on the basis of prior art consisting of patents or printed publications."  35

1  U.S.C. § 311(a)-(b).  The petitioning party must establish "a reasonable likelihood that the
2  petitioner would prevail with respect to at least [one] of the claims challenged in the petition" in
3  order for the PTO to institute IPR.  35 U.S.C. § 314(a).  If the PTO decides to institute IPR, the
4  proceeding is conducted before a panel of three technically-trained Administrative Patent Judges
5  of the PTAB.  *See* 35 U.S.C. §§ 6(a)-(c), 316.  Following a final determination, the petitioning
6  party is estopped from asserting invalidity during a later civil action "on any ground that the
7  petitioner raised or reasonably could have raised during" the IPR.  35 U.S.C. § 315(e)(2).

### B. This Litigation

Plaintiff DSS Technology Management, Inc. filed its complaint against Defendant on November 26, 2013 in the Eastern District of Texas, alleging infringement of U.S. Patent Nos. 6,128,290 (the '290 patent) and 5,699,357 (the '357 patent).  Dkt. 1.  Plaintiff later withdrew all infringement allegations as to the '357 patent, so presently only the '290 patent is at issue.  *See* Dkt. 96.  On November 7, 2014, the Eastern District of Texas granted Defendant's motion to transfer the case to the Northern District of California.  Dkt. 85.  On February 13, 2015, the case was reassigned to this Court.

On December 4, 2014, Defendant filed two petitions for IPR of the '290 patent.  Mot. at 1.  All of the '290 patent claims asserted by Plaintiff are covered by Defendant's petitions.  *Id.* at 3.  A decision on institution is expected from the PTO by June 30, 2015.  Dkt. 105 ("Opp.") at 6.

Discovery is underway.  The parties have exchanged multiple sets of infringement and invalidity contentions.  *Id.* at 3-4.  The parties have also exchanged three sets of written interrogatories and have collectively produced over 100,000 pages of documents.  *Id.* at 4.  Plaintiff deposed the named inventor of the '209 patent in September 2014.  *Id.*  Defendant has served a number of document and deposition subpoenas on third parties.  *Id.* at 5.  The deadline for the parties to complete fact discovery is November 2, 2015.  Dkt. 106.  The parties have fully briefed claim construction issues, and a patent technology tutorial and *Markman* hearing are scheduled for May 15, 2015.  *Id.*

## II. DISCUSSION

### A. Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). While courts are "under no obligation to stay proceedings pending parallel litigation in the PTAB, . . . judicial efficiency and the desire to avoid inconsistent results may, after a careful consideration of the relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition for IPR." *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014). Indeed, some courts in this district have recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011).

Courts consider three factors when determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014). The moving party bears the burden of demonstrating that a stay is appropriate. *Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13-cv-05889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).

### B. Stage Of The Litigation

The first factor the Court considers is whether the litigation is at an early stage. *See AT&T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011). Specifically, courts consider "whether discovery is complete and whether a trial date has been set." *Evolutionary Intelligence*, 2014 WL 261837, at *1.

Plaintiff argues that a stay is not warranted because this case has been pending for over sixteen months and "substantial progress" has been made. Opp. at 19. Although the parties have conducted some discovery, significant work remains to be done, and fact discovery is not

scheduled to close for another six months. Only one deposition has been taken. No expert discovery has been conducted, no substantive motions have been filed, and no trial date has been set. While claim construction issues are fully briefed, the hearing has not yet occurred and the Court has not issued a claim construction order. In similar circumstances, courts have found that this factor weighs in favor of a stay. *See Cypress Semiconductor Corp. v. LG Elecs., Inc.*, No. 13-cv-04034-SBA, 2014 WL 5477795, at *2 (N.D. Cal. Oct. 29, 2014) (finding that this factor weighs in favor of a stay where claim construction briefing was complete but "[t]here has been no dispositive motion practice, the claims have not been construed, and no deadlines for completing discovery, motion practice or trial have been set"); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13-cv-01356-EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) (finding that this factor weighs in favor of a stay where "a claim construction order has been issued and the close of fact discovery is fast approaching" but "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead"); *AT&T*, 774 F. Supp. 2d at (finding that this factor weighed in favor of a stay where the parties had not exchanged expert reports, conducted depositions, or filed any dispositive motions, and where claim construction had been fully briefed but no hearing had been held and no trial date had been set).

Given the relatively early stage of this litigation, the Court finds that this factor weighs slightly in favor of a stay.

### C. Simplification of the Case

The second factor that the Court considers is whether granting a stay could simplify the litigation. "The standard is simplification of the district court case, not complete elimination of it by the PTAB." *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014). Granting a stay pending IPR is "particularly" likely to simplify the case "when a party has obtained PTO review of each of the asserted claims in the patents-in-suit." *Evolutionary Intelligence*, 2014 WL 261837, at *2.

Staying the case pending the outcome of IPR could simplify the case by rendering some or all of Plaintiff's infringement claims moot, estopping Defendant from asserting any arguments it raised or reasonably could have raised in the IPR, and providing the Court with PTAB's expert

4

opinion on the claims at issue. *See Evolutionary Intelligence*, 2014 WL 261837, at *2. Indeed, even if the PTAB decides to institute review and affirms the validity of every asserted claim, the case would still be simplified because "such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO." *PersonalWeb Techs.*, 2014 WL 116340, at *4.

Plaintiff argues that because the PTO has not yet granted any of Apple's IPR petitions, the motion to stay "is based on speculation and is premature." Opp. at 12. But "it is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." *Pragmatus AV*, 2011 WL 4802958, at *3 (collecting cases). Furthermore, either party may file a motion to lift the stay if any part of the petitions for IPR are denied by the PTO—so "any concern that the motion[] [is] premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if *inter partes* review is not instituted for all of the asserted claims." *Evolutionary Intelligence*, 2014 WL 261837, at *3.

Plaintiff next argues that Defendant's IPR petitions do not assert all of the prior art references or invalidity defenses asserted in this litigation and that therefore the potential simplification of issues does not favor granting a stay. Opp. at 15. Though it is true that IPR petitions, and therefore the associated estoppel provisions, are limited to arguments for invalidity under 35 U.S.C. § 102 and § 103 based on patents and printed publications, this "is true in every case where a stay pending IPR is sought." *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-01012-SI, 2015 WL 545534, at *4 (N.D. Cal. Feb. 9, 2015). Here, Defendant's IPR petitions assert four of the fourteen references asserted in the litigation. Opp. at 15. The Court finds that the PTAB's expert opinion as to approximately 29% of the fourteen prior art references at issue here will be of significant value in simplifying the scope of this case. *Cf. Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 12-cv-00799, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014) (finding that "any simplification is likely to be minimal" where defendants would only be estopped from relying on approximately 7% of the prior art references asserted in the litigation).

Finally, Plaintiff argues that any guidance provided by a decision of the PTAB "would be of limited value because the PTAB applies a different standard for claim construction and

1    invalidity than the standards applicable in this litigation." Opp. at 16.  Of course, if the PTAB
2    invalidates any of the claims at issue in the IPR petition, those claims will be mooted in the
3    litigation.  And even if the PTAB does not invalidate some or all of the claims, the PTAB's claim
4    construction and invalidity analyses "would likely prove helpful to this Court," whether or not the
5    standard applied is identical to the one this Court must apply in the litigation.  *Black Hills Media,*
6    *LLC v. Pioneer Elecs. (USA) Inc.*, No. 14-cv-00471-SJO, 2014 WL 4638170, at *6 (C.D. Cal.
7    May 8, 2014).

8         The Court finds that this factor weighs in favor of granting the stay.  If instituted, IPR is
9    likely to greatly simplify the case.  Were the Court to deny the stay until a decision on institution
10   is made, the parties and the Court would expend significant resources on claim construction
11   proceedings that could eventually be mooted by the IPR decision.  The Court finds that staying the
12   case for two months pending the PTO's decision whether to institute IPR is the most efficient use
13   of resources at this juncture.  *See PersonalWeb Techs.*, 2014 WL 116340, at *4 (finding that four-
14   month delay before PTO's institution decision would issue was "relatively short" and did not
15   outweigh anticipated simplification of issues); *Delphix*, 2014 WL 6068407, at *2 ("At a minimum,
16   instituting a brief, limited stay of approximately five months to see whether and how the PTAB
17   will act on Defendant's IPR petitions will conserve judicial resources and avoid inconsistent
18   results.").

19       **D.**    **Undue Prejudice**
20        The third factor for the Court to consider is whether Plaintiff will be unduly prejudiced by
21   a stay.  Plaintiff argues that it will be unduly prejudiced by Defendant's "dilatory" tactics, pointing
22   to the fact that Defendant waited until the end of the one-year statutory period to file its IPR
23   petitions.  Opp. at 20.
24        The Court declines to read a "dilatory motive" into Defendant's timely exercise of its
25   statutory rights.  *See Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv- 03970-RMW,
26   2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) ("Although defendants did wait nearly a year
27   to file the IPR petitions, they properly filed the petitions within the statutory time frame, and the
28   delay was not unreasonable under the facts here."); *Cypress Semiconductor*, 2014 WL 5477795, at

\*3 (finding that the fact that defendant filed its IPR petitions close to the end of the statutory deadline "does not demonstrate undue delay"); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. 13-cv-04513-RMW, 2014 WL 819277, at \*4 (N.D. Cal. Feb. 28, 2014) ("[T]he IPR petitioners filed the petitions properly within the statutory time frame.  Under these facts, this delay was not unreasonable, and [plaintiff] does not point to any tangible undue prejudice resulting from the IPR petitioners exercising their statutory rights."); *Delphix*, 2014 WL 6068407, at \*3 ("[W]hile the Court does not condone gamesmanship, it will not require a patent infringement defendant to file a petition for *inter partes* review significantly earlier than the time allowed by statute.").

Furthermore, courts have consistently found that where, as here, the parties are not competitors, Plaintiff "does not risk irreparable harm by [Defendant's] continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief." *Software Rights Archive*, 2013 WL 5225522, at \*6.  Plaintiff does not dispute that it is not a direct competitor of Apple, but instead argues that it "has a strong interest in the timely enforcement of its patent rights."  Opp. at 21 & n.7.  The Court is not persuaded: the plaintiff in every patent infringement action asserts such an interest.

Because a stay will not cause undue prejudice to Plaintiff, the Court finds that this factor weighs in favor of granting the stay.

\*   \*   \*

After weighing the three factors outlined above, the Court finds that a stay is warranted here and will "effectuate[] the intent of the AIA by allowing the agency with expertise to have the first crack at cancelling any claims that should not have issued in the patents-in-suit before costly litigation continues." *Software Rights Archive*, 2013 WL 5225522, at \*6.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to stay the case pending decision by the PTO whether to institute IPR of the claims asserted in Defendant's petitions.  Accordingly, the technology tutorial and claim construction hearing scheduled for May 15, 2015 are vacated.  The parties shall file a joint status report within five days of the issuance of

1  PTO's decision on whether to institute IPR challenging the patent-in-suit, informing the Court of
2  the PTO's decision.  At that time, the Court will issue an order addressing further proceedings in
3  the case.
4  **IT IS SO ORDERED.**
5  Dated: May 1, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge