United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No. 14-cv-05330-HSG (LB) <br><br> **ORDER FINDING NO DISCOVERY DISPUTE AND DECLINING TO ADDRESS MERITS OF DEFENDANT'S OBJECTIONS TO PLAINTIFF'S INFRINGEMENT THEORIES** <br><br> Re: ECF No. 188 |

## INTRODUCTION

Defendant Apple, Inc. raises a dispute regarding plaintiff DSS Technology Management's theories of patent infringement.

DSS served its operative infringement contentions ("IC") under Patent Local Rule 3-1 on Apple in May 2014.[1] In April 2019, in response to an interrogatory asking it to "[d]escribe in detail, on an element-by-element basis in the form of a claim chart, any product that DSS contends practices the patents-in-suit or infringes the patents-in-suit," DSS served Apple with a new claims chart.[2] Apple claims that DSS's interrogatory response and chart introduce new infringement

---

[1] Joint Letter Br. – ECF No. 188 at 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Apple Interrog. No. 3 and DSS Resps. – ECF No. 188-1 at 5, 8–13, 17.

ORDER – No. 14-cv-05330-HSG (LB)

theories not contained in DSS's ICs, in violation of Patent Local Rule 3-6.[3] Apple asks the court "to strike DSS'[s] new infringement theories[.]"[4] DSS responds that it agrees with Apple that it cannot introduce new infringement theories in interrogatory responses and that if its response presented new theories not contained in its ICs, the ICs control.[5] DSS argues that in light of this, there is nothing for the court to do now.[6] DSS additionally contends that Apple's objections, which go to the merits of DSS's infringement theories, are not properly raised in the context of a discovery dispute.[7]

The undersigned held a hearing on May 30, 2019. At the hearing, DSS said that while it does not believe it has to do so, it nonetheless will file a motion for leave to amend its ICs under Patent Local Rule 3-6 (while reserving its right to argue that it was not required to file such a motion). DSS maintains that a motion to amend its ICs is a better mechanism for raising Apple's objections to its infringement theories than a discovery dispute is. At the hearing, DSS committed to filing its motion for leave to amend its ICs within 30 days.

The undersigned agrees that DSS's approach of filing a motion for leave to amend its ICs is a better mechanism for presenting the merits of Apple's objections to DSS's infringement theories. The undersigned finds that there is no actual discovery dispute to address at this juncture.

**STATEMENT**

DSS is the owner by assignment of two patents for a "personal data network": Patent No. 6,128,290 (the "290 Patent") and Patent No. 5,699,357 (the 357 Patent," and together with the 290 Patent, the "Patents").[8] DSS alleges that Apple develops and sells computers and other electronic

---

[3] Joint Letter Br. – ECF No 188 at 1–3.

[4] *Id.* at 1.

[5] *Id.* at 3. DSS disputes that its interrogatory response presents any new infringement theories, *id.* at 4–5, and acknowledges that if it does, "Patent [Local] Rule 3-6 requires DSS to seek leave to amend its infringement contentions to advance the new theory," *id.* at 3.

[6] *Id.* at 3–4.

[7] *Id.*

[8] Compl. – ECF No. 1 at 2 (¶¶ 5–8).

ORDER – No. 14-cv-05330-HSG (LB)  2

devices (e.g., iMacs, Mac Minis, Mac Pros, iPhones, iPads, and iPods) that provide wireless Bluetooth connections to peripherals (e.g., keyboards and mice) and thereby violates DSS's Patents.[9]

Patent Local Rule 3-1 provides that "[n]ot later than 14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'" DSS served Apple with ICs on March 17, 2014, and served Apple with amended ICs on May 5, 2014.[10] Specifically, DSS served Apple with three sets of ICs titled "Infringement of U.S. Pat. No. 5,699,357 by Apple Products Using Bluetooth v4.0,"[11] "Infringement of U.S. Pat. No. 6,128,290 by Apple Products Using Bluetooth v4.0,"[12] and "Infringement of U.S. Pat. No. 6,128,290 by Apple Products Using Bluetooth v2.1."[13] The May 2014 ICs remain the operative ICs today.[14]

Patent Local Rule 3-6 provides that "[a]mendment of the Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause" and that "[t]he duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." DSS agrees with Apple that if it has a new theory of infringement not contained in its ICs, "Patent Rule 3-6 requires DSS to seek leave to amend its infringement contentions to advance the new theory. If DSS does not do so, Apple can seek to preclude DSS from introducing evidence supporting the new theory."[15]

Apple issued DSS an interrogatory asking DSS to "[d]escribe in detail, on an element-by-element basis in the form of a claim chart, any product that DSS contends practices the patents-in-

---

[9] *Id.* at 2–3 (¶¶ 9–10).
[10] Joint Letter Br. – ECF No. 188 at 1; Pl. Amend. Infringement Contentions – ECF No. 191 at 9–190.
[11] Pl. Amend. Infringement Contentions – ECF No. 191 at 10.
[12] *Id.* at 83.
[13] *Id.* at 143.
[14] Joint Letter Br. – ECF No. 188 at 1.
[15] *Id.* at 3.

ORDER – No. 14-cv-05330-HSG (LB)       3

1  suit or infringes the patents-in-suit, including but not limited to DSS'[s] own products."[16] DSS
2  previously served three responses (an initial response, a first amended response, and a second
3  amended response).[17] On April 11, 2019, DSS served a third amended response that included a
4  new claims chart.[18] Apple claims that this chart includes "new theories of infringement."[19]
5  Specifically, Apple claims that DSS's third amended response "for the first time" exclusively
6  relied on functionality present in the original Bluetooth 1.0 standard (as opposed to the Bluetooth
7  2.1 or 4.0 standards) as comprising its infringement case.[20] DSS responds that it is not presenting a
8  new theory of infringement and that its ICs state that Apple's products infringe because they use
9  Bluetooth "Sniff Mode," which was implemented before the Bluetooth 2.1 or 4.0 standards.[21]

## ANALYSIS

This is not a situation where Apple is complaining that DSS never served proper ICs that complied with Patent Local Rule 3-1 in the first place. Nor is it a situation where Apple is complaining that DSS did not comply with a discovery request, or that DSS should disclose information it has not disclosed, or that DSS violated a discovery rule. Apple's request for the court to "strike DSS'[s] new infringement theories" goes to the merits of the case, rather than presenting a discovery dispute. *Cf. Power Integrations, Inc. v. ON Semiconductor Corp.*, No. 16-cv-06371-BLF (HRL), 2018 WL 1466661, at *2 (N.D. Cal. Feb. 27, 2018) (contrasting motions to strike ICs from discovery disputes) (citing *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, No. C 16-06180 WHA, 2017 WL 2630088, at *2 & n.3 (N.D. Cal. June 19, 2017)).

DSS has committed to filing a motion to amend its ICs within 30 days. That motion, rather than a discovery dispute, will provide the court (either Judge Gilliam or, should he refer the

---

[16] Apple Interrog. No. 3 and DSS Resps. – ECF No. 188-1 at 5.
[17] *See id.* at 5–7.
[18] *Id.* at 8–13, 17.
[19] Joint Letter Br. – ECF No. 188 at 1.
[20] *Id.* at 1–2.
[21] *Id.* at 4.

ORDER – No. 14-cv-05330-HSG (LB)    4

motion, the undersigned) with a better mechanism for addressing the substance of Apple's objections to DSS's infringement theories.

## CONCLUSION

The undersigned finds that there is no discovery dispute to address at this juncture.

**IT IS SO ORDERED.**

Dated: May 30, 2019

_____
LAUREL BEELER
United States Magistrate Judge