1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6
7 DSS TECHNOLOGY MANAGEMENT, INC.,
                          Case No. 14-cv-05330-HSG

8           Plaintiff,           **ORDER ON MOTIONS TO SEAL**

9        v.                        Re: Dkt. No. 428

10
11 APPLE, INC.,

          Defendant.

12
13       Pending before the Court is Plaintiff DSS Technology Management Inc. and Defendant

14 Apple, Inc.'s renewed motion to seal. *See* Dkt. No. 428. For the reasons detailed below, the Court

15 **GRANTS** the motion.

16

17 **I.    LEGAL STANDARD**

      Courts generally apply a "compelling reasons" standard when considering motions to seal

18 documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*

19 *v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the

20 common law right 'to inspect and copy public records and documents, including judicial records

21 and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of

22 access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this

23 strong presumption, the party seeking to seal a judicial record attached to a dispositive motion

24 must "articulate compelling reasons supported by specific factual findings that outweigh the

25 general history of access and the public policies favoring disclosure, such as the public interest in

26 understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations

27 omitted).

28

1    Records attached to nondispositive motions must meet the lower "good cause" standard of

2    Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only

3    tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotation omitted).  This

4    requires a "particularized showing" that "specific prejudice or harm will result" if the information

5    is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th

6    Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific

7    examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966

8    F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

9    Because the parties move to file documents related to nondispositive motions, the Court

10   will apply the lower good cause standard.

11   **II.    ANALYSIS**

12   The parties have provided good cause for sealing portions of the various documents listed

13   below because they contain confidential business and proprietary information relating to the

14   operations of Defendant.  *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK,

15   2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto*

16   *Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard*

17   *Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014).  The Court originally denied

18   the parties' motions to seal the entirety of the exhibits as the request was not narrowly tailored.

19   The parties have now tailored the request to conceal only the information regarding the identity

20   and operations of third party supplied components in Apple's products or containing confidential

21   information regarding the operations of source code for Apple's products.  The parties have

22   identified portions of the unredacted versions of motions and exhibits as containing confidential

23   and proprietary business information, and the Court finds good cause to grant the motion to seal.

24   **III.   CONCLUSION**

25   Accordingly, the Court **GRANTS** the parties' renewed motion to seal.  The following

26   portions of exhibits shall remain sealed:

27        1.  Exhibits 11, 25, 26, 27 and 29 to DSS' Administrative Motion to Seal DSS' Motion

28            to Amend Infringement Contentions (Dkt. 215-12, 215-26, 215-27, 215-28, 215-

2

30/(213-15, 214-11, 214-12, 214-13, 214-15)),

2. Exhibit K to Apple's Opposition to DSS' Motion to Amend Infringement Contentions and Cross-Motion to Strike Expert Report (Dkt. 220-12/(219-16)),

3. Exhibit 2 to DSS' Opposition to Apple's Cross-Motion to Strike Expert Report (Dkt. 234-3/(233-8))

4. Exhibits 4 and 36 to DSS' Reply ISO Motion to Amend Infringement Contentions (Dkt. 232-5, 232-37/(231-9, 231-41)).

Redacted versions of these documents, consistent with this order, are available at Dkt. No. 428.

**IT IS SO ORDERED.**

Dated:  1/30/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge