UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No. 14-cv-05330-HSG <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** <br><br> REDACTED VERSION <br><br> Re: Dkt. No. 424, 425, 438 |

On January 14, 2020, the Court denied DSS's motion to amend infringement contentions and granted Apple's cross-motion to strike Plaintiff's expert report. Dkt. No. 413. The Court found that DSS failed to show good cause to add ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as an infringing mode and that Bluetooth Sniff Mode was a new theory that was not raised in DSS's initial contentions. *See id.* DSS now moves for leave to file a motion for reconsideration, arguing that the Court failed to consider numerous materials facts. Dkt. No. 425 ("Mot."). The parties also filed related motions to seal portions of their briefs and accompanying exhibits. Dkt. Nos. 424, 438. For the reasons noted below, the Court **DENIES** DSS's motion.[1]

## I. MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

A party seeking reconsideration of an interlocutory order must "show reasonable diligence in bringing the motion" and—as relevant here—either that "a material difference in fact or law exists from that which was presented to the Court" before the challenged order, or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments" presented to it before its issuance of the challenged order. Civil L.R. 7-9(b). A motion for reconsideration is not

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. See Civ. L.R. 7–1(b).

a vehicle for perpetually relitigating the Court's rulings, or a substitute for appeal. *See Durkee v. Ford Motor Co.*, No. C 14-0617 PJH, 2015 WL 1156765 (N.D. Cal. 2015) at *2 ("[M]ere disagreement with a court's order does not provide a basis for reconsideration."); *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-cv-01081-PSG, 2015 WL 4463742 (N.D. Cal. 2015) at *4 (stating that "reconsideration is not an opportunity to relitigate issues that have already been thoughtfully decided") (quotation omitted).

DSS raises five primary arguments to argue that the Court manifestly failed to consider material facts when finding that Plaintiff failed to show good cause to amend its infringement contentions to add ▮▮▮: (1) contrary to the Court's finding, the source code did not indicate or suggest ▮▮▮; (2) Apple failed to disclose the ▮▮▮ and the Court allowed Apple to benefit from this discovery abuse; (3) once Apple disclosed such use, DSS diligently pursued third-party discovery; (4) Apple cannot show prejudice since it did not identify any new claim construction issues or any defenses it would have asserted if the contention was asserted sooner; (5) Apple also cannot show prejudice because the ▮▮▮ with respect to the issues of infringement and invalidity are "insubstantial." Mot. at 3–4. The Court finds none of these arguments persuasive.

In its Order, the Court found that the source code and bill of materials produced in 2014 at least suggested the need to investigate further, as did the optionality of Bluetooth Sniff Subrating Mode as a feature. It did not suggest, as DSS argues, that the source code alone showed decisive use of ▮▮▮. Importantly, the Court pointed to DSS's July 19, 2018 letter, which clearly reflected DSS's awareness of ▮▮▮ role in Apple's devices, but also noted that DSS had not diligently reviewed Apple's source code to determine whether the relevant source code was produced. *See* Dkt. No. 413 at 7. Thus, DSS failed to act diligently in discovering the basis for the amendment.

The Court further will not to address DSS's arguments raised for the first time in this

2

motion. *See* Mot. at 13–17; *see also Williams v. Lujan*, No. 16-CV-04290-HSG, 2018 WL 3861655, at *3 (N.D. Cal. Aug. 14, 2018) (declining "to address [new] arguments because Plaintiff has not provided a compelling excuse for failing to raise these arguments" previously in the underlying motion briefing). DSS also reraises many of the same arguments it made before—namely its second and third arguments—which should be taken up on appeal and not relitigated here. Finally, the Court need not reach DSS's remaining arguments regarding prejudice because as noted in the Order, "[t]here is 'no need to consider the question of prejudice' when the moving party is unable to show diligence." Dkt. No. 413 at 9 (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006)).

DSS also raises three arguments to argue that the 2014 Contentions were not "unclear" as to Sniff Mode: (1) they rely on Sniff Mode also for various asserted claims; (2) Apple "waived" any argument that the 2014 Contentions were unclear; and (3) Apple has not been prejudiced from any lack of clarity. Again, DSS reargues many previously raised positions or makes new arguments (such as DSS's arguments regarding claim 2 and waiver) that should have been known at the time of the underlying motion. None of these arguments are appropriate on a motion for leave to file a motion for reconsideration.

Finding that none of DSS's arguments show a manifest failure to consider material facts, the Court **DENIES** DSS's motion for leave to file a motion for reconsideration. Further, based on the parties' representations at the case management conference held on January 21, 2020, the Court further instructs the parties to file a stipulated judgment of noninfringement by February 21, 2020, or explain why they need more time to do so.

## II. MOTIONS TO FILE UNDER SEAL

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this

3

strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotation omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

4

1      Because the parties move to file documents related to nondispositive motions, the Court will apply the lower good cause standard. Here, the Court finds that the parties provided good cause for sealing portions of their briefs and attachments because they contain confidential business and proprietary information relating to the operations of Defendant. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014). As noted in the Court's previous orders granting the parties' motion to seal, *see* Dkt. No. 413, 435, the Court is satisfied that the parties have tailored the request to conceal only the information regarding the identity and operations of third party supplied components in Apple's products or containing confidential information regarding the operations of source code for Apple's products. Accordingly, the Court **GRANTS** the parties' motions to seal. Dkt. Nos. 424, 438.

     **IT IS SO ORDERED.**

Dated: 2/18/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge