UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No. 14-cv-05330-HSG <br><br> **ORDER ON ADMINISTRATIVE MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 222, 235, 243, 257, 261, 262, 267, 269, 275, 303, 311, 313, 319, 321, 323, 325, 327, 333, 358, 360, 362, 365, 366, 403, 405 |

Pending before the Court are the parties' administrative motions to file under seal portions of documents in connection with the parties' motions for (partial) summary judgment, *Daubert* motions, and motions in limine as well as Apple's motion for leave to file an amended answer. (twenty-five sealing motions in total). The Court **GRANTS** the motions to file under seal.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in

disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II. DISCUSSION**

Because the parties seek to seal portions and documents which pertain to summary judgment motions, the Court applies the compelling reasons standard. The Court will apply the

1   lower good cause standard for documents related to the *Daubert* motions, motions in limine, and

2   Apple's motion for leave to file an amended answer.

3         The parties have satisfied the standards for sealing because the unredacted information

4   contains confidential business and proprietary information relating to the operations of the parties.

5   *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D.

6   Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d

7   1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014

8   WL 6901744 (N.D. Cal. Dec. 8, 2014). The parties filed supporting declarations representing that

9   the identified portions of the unredacted versions of motions and exhibits contain information

10  disclosing confidential business information of third parties, licensing information, financial

11  information, and non-public technical descriptions of their and third-party products. *See, e.g.*,

12  Dkt. Nos. 289, 290, 291, 292, 293, 294, 300, 345, 349, 355, 356, 389, 390.

13        The Court did not rely on any of the documents that are the subject of the parties'

14  administrative motions to seal. The parties stipulated to an entry of final judgment of

15  noninfringement, which the Court granted. *See* Dkt. No. 446, 447. Thus, these documents are

16  unrelated to the public's understanding of the judicial proceedings in this case, and the public's

17  interest in disclosure of these documents is minimal given that the Court will not rule on the

18  motions. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2

19  (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further

20  diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion

21  for Class Certification."). Accordingly, because the documents divulge proprietary and

22  confidential information unrelated to the public's understanding of the judicial proceedings in this

23  action, the Court finds that there are compelling reasons to file the documents under seal. *See*

24  *Economus v. City & Cty. of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9

25  (N.D. Cal. Apr. 3, 2019) (finding compelling reason to seal because the sealing request divulges

26  sensitive information no longer related to the case); *In re iPhone*, 2013 WL 12335013 (same); *Doe*

27  *v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14,

28  2014) (exhibit's disclosure of personal information and irrelevance to the matter are compelling

reasons to seal the exhibit).

## III. CONCLUSION

The Court **GRANTS** the parties' administrative motions to file under seal. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 2/26/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge