CHRISTOPHER M. JOE (admitted *pro hac vice*)
Chris.Joe@BJCIPLaw.com
ERIC W. BUETHER (admitted *pro hac vice*)
Eric.Buether@BJCIPLaw.com
BRIAN A. CARPENTER (CA 262349)
Brian.Carpenter@BJCIPLaw.com
KENNETH P. KULA (admitted *pro hac vice*)
Ken.Kula@BJCIPLaw.com
MICHAEL D. RICKETTS  (admitted *pro hac vice*)
Mickey.Ricketts@BJCIPLaw.com
MICHAEL C. POMEROY  (admitted *pro hac vice*)
Michael.Pomeroy@BJCIPLaw.com
**BUETHER JOE & CARPENTER, LLC**
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
Telephone:      (214) 466-1273
Facsimile:      (214) 635-1829

ADAM S. HOFFMAN
State Bar No. 218740
ahoffman@raklaw.com
MARC A. FENSTER
State Bar No. 181067
mfenster@raklaw.com
**RUSS, AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone:      (310) 826-7474
Facsimile:      (310) 826-6991

**ATTORNEYS FOR PLAINTIFF**

**DSS TECHNOLOGY MANAGEMENT, INC.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC., | CASE NO. 4:14-cv-05330 HSG |
| Plaintiff, | **PLAINTIFF'S MOTION FOR REVIEW OF BILL OF COSTS** |
| v. | Judge:      Hon. Haywood S. Gilliam, Jr. |
| APPLE INC., | |
| Defendant. | |

1

2

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ...................................................................................................... 1

II.  Legal Standard ......................................................................................................... 3

III.  Discussion ................................................................................................................. 4

   A.  First Issue: Apple's Costs for Court Transcripts Are Not Taxable .......................... 4

   B.  Second Issue: The Clerk Correctly Taxed Only Costs for *Either* a
       Transcript *or* a Video, But the Taxed Costs Seems to Have Math Error of
       $5,687.90 ................................................................................................................... 4

   C.  Third Issue: Clerk's Taxed Costs for "Costs of Reproducing Documents"
       Should Be Reduced .................................................................................................. 12

   D.  Fourth Issue:  Apple's Costs for "Graphics, Demonstratives, and Visual
       Aids" Are Not Taxable ............................................................................................ 15

IV.  Conclusion ............................................................................................................... 16

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION FOR REVIEW OF BILL OF COSTS – CASE NO. 4:14-CV-05330 HSG**

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

### CASES

4

*BDT Prods. Inc. v. Lexmark Int'l, Inc.*,

5

   405 F. 3d 415 (6th Cir. 2005)...................................................................................... 5

6

*Emblaze Ltd. v. Apple, Inc.*,

   2015 WL 1304779; n. 39 (N.D. Cal. March 20, 2015) ............................................ 7

7

*Hynix Semiconductor v. Rambus Inc.*,

8

   697 F. Supp. 2d 1139 (N.D. Cal. 2010) .................................................................... 5

9

*In re Online DVD-Rental Antitrust Litigation*,

10

   779 F. 3d 914 (9th Cir. 2015)............................................................................... 3, 16

11

*In re Ricoh Co. Ltd. Patent Litigation*,

   661 F. 3d 1361 (Fed. Cir. 2011)........................................................................ 3, 4, 5

12

*Little v. Mitsubishi Motors North America, Inc.*,

13

   514 F.3d 699 (7th Cir. 2008).................................................................................... 5

14

*Maxwell v. Hapag-Lloyd Aktiengesellschaft*,

15

   862 F.2d 767 (9th Cir. 1998) ................................................................................... 16

16

*Miranda v. S. Pac. Transp. Co.*,

17

   710 F. 2d 516 (9th Cir. 1983)............................................................................ 3, 5, 6

18

*Phoenix Techs. Ltd. v. VMWare, Inc.*,

   2018 WL 4700347 (N.D. Cal. Sept. 30, 2018) ..................................................... 3, 5

19

*Pierson v. Ford Motor Co., No. C*,

20

   06-6503, 2010 WL 431883 (N.D. Cal. Feb. 2, 2010) ........................................... 5, 6

21

*Taniguchi v. Kan Pacific Saipan, Ltd.*,

22

   132 S. Ct. 1997 (2012) .................................................................................... 3, 6, 16

23

*Triton v. Capital Cities/ABC, Inc.*,

24

   115 F.3d 1471 (10th Cir. 1997)................................................................................ 5

### STATUTES

25

26

28 U.S.C. § 1920 ............................................................................................................ 3, 5

27

28 U.S.C. § 1920(2) ..................................................................................................... 4, 5, 6

28

28 U.S.C. § 1920(4) ........................................................................................ 15

28 U.S.C. § 1924 ............................................................................................. 3

**RULES**

Fed. R. Civ. P. 30 ........................................................................................... 6

Fed. R. Civ. P. 30(b)(3) .................................................................................. 6

Fed. R. Civ. P. 30(b)(3)(A) – (B) .................................................................. 6

Fed. R. Civ. P. 54(d)(1) .................................................................................. 1

Fed. R. Civ. P. 83(a) ................................................................................... 3, 5

**PLAINTIFF'S MOTION FOR REVIEW OF BILL OF COSTS – CASE NO. 4:14-CV-05330 HSG**

1    Pursuant to Fed. R. Civ. P. 54(d)(1), Plaintiff DSS Technology Management, Inc.

2  ("DSS" or "Plaintiff") requests that this Court review the Bill of Costs [Dkt. 453] (the "Bill")

3  entered by the Clerk, and disallow or reduce certain costs taxed to DSS and awarded to

4  Defendant Apple Inc. ("Apple" or "Defendant") for the reasons explained below.

## I.    INTRODUCTION

6    1.    On March 9, 2020, Apple submitted a Proposed Bill of Costs [Dkt. 449]

7  ("Proposed Bill"), supported by the Declaration of Clayton Thompson in Support of Apple

8  Inc.'s Bill of Costs [Dkt. 449-1] (the "Thompson Decl."), that was defective in numerous

9  material respects.  Apple in its Proposed Bill sought to tax costs as follows:

| | |
|---|---|
| Filing Fees | $700.00 |
| Fees for service of process | $4,174.88 |
| Reporters Transcripts | $495.80 |
| Originals and Copies of Deposition Transcripts ~~and~~ **or** Video | $44,798.60 |
| ***Exhibits to Depositions*** | ***$5,653.80*** |
| ***Witness Fees and Expenses*** | ***$280.00*** |
| ***Government Records*** | ***$1,075.00*** |
| Cost of Reproducing  Documents | $41,213.14 |
| "Visual Aids" | <u>$15,900.00</u> |
| **TOTAL:** | **$114,291.22** |

DSS objected to all but the three categories highlighted above in Plaintiff's Objections to

Defendant's Bill of Costs [Dkt. 452] (the "Objections").

22    2.    More specifically, DSS asserted in its Objections that, after all the objectionable

costs are removed, the costs that DSS does not object to as taxable are as follows:

| | |
|---|---|
| Filing Fees | $0.00 |
| Fees for service of process | $0.00 (alternatively, $360) |
| Reporters Transcripts | $0.00 |

| | |
|---|---|
| Originals and Copies of Deposition Transcripts ~~and~~ **or** Video | $25,555.70[1] |
| Exhibits to Depositions | $5,653.80 |
| Witness Fees and Expenses | $280.00 |
| Government Records | $1,075.00 |
| Cost of Reproducing  Documents | $0.00 |
| "Visual Aids" | <u>$0.00</u> |
| **TOTAL:** | **$32,581.50** |

As shown, DSS respectfully submitted that the Clerk should decline to tax costs except for the following categories and amounts shown immediately above, which total **$32,581.50**.

      3.     After considering DSS' Objections, the Clerk entered the following in its Bill of Costs [Dkt. 453] (the "Bill of Costs"):

| | |
|---|---|
| Filing Fees | $0.00 |
| Fees for service of process | $0.00 |
| ***Reporters Transcripts*** | **$495.80** |
| ***Originals and Copies of Deposition Transcripts and or Video*** | **$31,243.60** |
| Exhibits to Depositions | $5,653.80 |
| Witness Fees and Expenses | $280.00 |
| Government Records | $1,075.00 |
| ***Cost of Reproducing  Documents*** | **$19,775.64** |
| ***"Visual Aids"*** | **$15,900.00** |
| **TOTAL:** | **$74,423.84** |

      4.     DSS objects to the four items highlighted above.  More particularly, DSS requests **(1)** that the taxed cost for "Reporters Transcripts" of $495.80 be reduced to $0.00, **(2)** that the taxed cost for "Deposition Transcripts" of $31,243.60 be reduced to $25,555.70,

---

[1] Plaintiff erroneously stated a figure of $25,382.70 in its Objections [Dkt .452].  After recalculating the total cost of the Deposition Transcripts *or* Videos, utilizing the more expensive of the two for each deposition, including shipping/handling costs, Plaintiff determined that the correct figure is $25,555.70.

1     **(3)** that the taxed cost of $19,775.64 be reduced to $16,308.68, and **(4)** that the taxed cost for

2     "Visual Aids" of $15,900 be reduced to $0.00.

3     ## II.     Legal Standard

4     5.     The limited, narrow right of a prevailing party to obtain an award of certain

5     litigation costs is provided by statute.  Under 28 U.S.C. § 1920, certain specifically identified

6     costs may be taxed to the losing party.  *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct.

7     1997, 2000 (2012).  Section 1920 is "narrow" and "modest" in scope.  *Id.* at 2006; *see also In*

8     *re Online DVD-Rental Antitrust Litigation*, 779 F. 3d 914, 926 (9th Cir. 2015).  This court and

9     others have enacted local rules to provide further guidance as to which costs may be taxed, but

10    local rules cannot render disallowable costs otherwise allowable under Section 1920.

11    *Miranda v. S. Pac. Transp. Co.*, 710 F. 2d 516, 521 (9th Cir. 1983); *In re Ricoh Co. Ltd.*

12    *Patent Litigation*, 661 F. 3d 1361, 1370 (Fed. Cir. 2011); *See also* Fed. R. Civ. P. 83(a)

13    ("A local rule must be consistent with … federal statutes… .").  Under the local rules of this

14    district, a bill of costs:

15    > must state separately and specifically each item of taxable costs claimed.  It must
16    > be supported by an affidavit, pursuant to 28 U.S.C. § 1924, that the costs are
       > correctly stated, were necessarily incurred, and are allowable by law.

17    L.R. 54-1(a); *see also In re Ricoh Co*., 661 F. 3d at 1367.  As reflected in L.R. 54-1(a), the

18    prevailing party bears the burden of establishing the amount of taxable costs, and "necessarily

19    assume[s] the risks inherent in a failure to meet that burden."  *In re Ricoh*, 661 F. 3d at 1367;

20    *see also Phoenix Techs. Ltd. v. VMWare, Inc.*, 2018 WL 4700347 at *3 (N.D. Cal. Sept. 30,

21    2018) (J. Gilliam) (noting that the prevailing party had the "obligation to establish that

22    entitlement" to costs).  Although this is a patent infringement case, Ninth Circuit law applies in

23    interpreting Section 1920.  *See In re Ricoh Co*., 661 F. 3d at 1364.  Additional legal authorities

24    particular to each issue will be discussed below.

25

26

27

28

**PLAINTIFF'S MOTION FOR REVIEW OF BILL OF COSTS – CASE NO. 4:14-CV-05330 HSG**

1

### III.     Discussion

2

**A.     First Issue: Apple's Costs for Court Transcripts Are Not Taxable**

3

6.     Regarding costs for Reporter's transcripts, cost of transcripts under L.R. 54-3(b)

4

are allowable under only two circumstances, neither of which applies here.  Under L.R. 54-

5

3(b)(1), transcripts are taxable when "necessarily obtained for appeal."  Under L.R. 54-

6

3(b)(2), "costs of a transcript of a statement by a Judge from the bench which is to be reduced

7

to a formal order prepared by counsel is allowable."  Under L.R. 54-3(b)(3), "[t]he cost of

8

other transcripts is not normally allowable… ."  L.R. 54-3(b)(3); *See also* 28 U.S.C.

9

§ 1920(2).  Apple seeks the costs for two transcripts, the first for the claim construction

10

hearing on September 21, 2018, and the second, the "Further Case Management Conference"

11

held on January 21, 2020.  Apple does not even attempt to try to fit these within the narrow

12

exceptions of L.R. 54-3(b)(1-2) because it cannot.  Neither transcript was obtained for appeal

13

nor contained a statement by "[the Court] from the bench which is to be reduced to a formal

14

order prepared by counsel."  Therefore, DSS objected to these costs under L.R. 54-3(b)(3) and

15

28 U.S.C. § 1920(2).  Accordingly, Apple is not entitled to recover any of the $495.80

16

claimed.

17

**B.     Second Issue: The Clerk Correctly Taxed Only Costs for *Either* a**
**Transcript *or* a Video, But the Taxed Costs Seems to Have Math Error of**

18

**$5,687.90**

19

7.     By way of background, Apple claimed fees for printed **and** electronically

20

recorded deposition transcripts.  DSS objected that Apple is not entitled to costs for ***both*** a

21

printed version ***and*** a video version based on 28 U.S.C. § 1920(2), which provides that "[f]ees

22

for printed *or* electronically recorded transcripts necessarily obtained for use in the case" are

23

taxable costs.  28 U.S.C. § 1920(2) (emphasis added).  The "or" is crucial.  It does not mean

24

that fees for both a printed version and a videotaped version are taxable, but that only one or

25

the other may be taxed.

26

8.     The Federal Circuit noted in *In re Ricoh* in 2011 that the Ninth Circuit had not

27

decided this issue, and that the district courts in the Northern District of California were split

28

-4-

1    on the issue as to whether costs associated with only one or both are taxable. *In re Ricoh*, 661

2    F. 3d at 1370 (stating that "the Ninth Circuit has not addressed this issue"); *see also* n. 5

3    (*comparing Hynix Semiconductor v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1150 (N.D. Cal.

4    2010) (granting both) with *Pierson v. Ford Motor Co.*, No. C 06-6503, 2010 WL 431883 at *4

5    (N.D. Cal. Feb. 2, 2010) ("[T]he cost of only one method of recording the deposition is

6    allowable."))[2]  It appears that this issue remains undecided by the Ninth Circuit.

7    Furthermore, L.R. 54-3(4) does not foreclose either interpretation of Section 1920(2), and, in

8    any event, "local rules cannot render disallowable costs otherwise allowable under Section

9    1920.  Fed. R. Civ. P. 83(a)."  *In re Ricoh*, 661 F. 3d 1361, n. 5 (*quoting Miranda v. S. Pac.*

10   *Transp. Co.*, 710 F. 2d 516, 521 (9th Cir. 1983)).

11          9.      Apple relied on the case of *Phoenix Techs. Ltd v. VMWare, Inc.*, 2018 WL

12   4700347, *3 (N.D. Cal. Sept. 30, 2018) (J. Gilliam).  *See* Thompson Decl. [Dkt. 449-1, p. 7].

13   This case is distinguishable.  There, the Court noted that "[g]iven the plain text of the rule

14   [*i.e.*, L.R. 54-3(c)(1)], Plaintiff [the non-prevailing party] has not met its burden to

15   demonstrate why these demonstrated costs should not be awarded."  *Id.* at *4.  However, the

16   non-prevailing party did not make the argument that DSS makes here, which is: to the extent

17   L.R. 54-3(c)(1) is read to include costs for both a transcript and a video of the deposition, the

18   local rule is inconsistent with 28 U.S.C. 1920(2).  The starting point for the analysis is not the

19   local rule but the statute, 28 U.S.C. 1920(2).  After all, local rules cannot render disallowable

20   costs otherwise allowable under Section 1920.  *Miranda v. S. Pac. Transp. Co.*, 710 F. 2d 516,

21   521 (9th Cir. 1983); *In re Ricoh Co. Ltd. Patent Litigation*, 661 F. 3d 1361, 1370 (Fed. Cir.

22   2011); *see also* Fed. R. Civ. P. 83(a) ("A local rule must be consistent with … federal

23   statutes… .").

24

25
     _____

26   [2] Some circuits that have addressed the issue presented here have awarded costs for both forms
     of recordings.  *E.g., Triton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997);
27   *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *In re Ricoh*,
     661 F. 3d at 1370 (following *Triton* and *BDT Prods. Inc. v. Lexmark Int'l, Inc.*, 405 F. 3d 415,
28   420 (6th Cir. 2005)).

10.     DSS relied on *Pierson v. Ford Motor Company*, No. C 06-6503 PJH, 2010 WL 431883 at *4 (N.D. Cal. Feb. 2, 2010), which held: "[t]he court agrees with Ford [*i.e.*, the non-prevailing, objecting party] that the cost of only one method of recording the deposition is allowable." 2010 WL 431883 at *4. The court based its holding on an analysis of Fed. R. Civ. P. 30(b)(3)(A) – (B), which the court used to provide context to L.R. 54-3:

> Fed. R. Civ. P. 30 authorizes videotaped depositions as an alternative to traditional stenographed depositions, and provides that the noticing party bears the recording costs. *See* Fed. R. Civ. P. 30(b)(3) (A)-(B). Local Rule 54-3 shifts the burden of payment to the non-prevailing party. However, the word "copy" in the local rule refers to a "copy" of the "original," whatever form that may take. Thus, in the present case, plaintiff may recover the cost of an original transcript and one copy - or the cost of a videotape, plus one copy.

*Id.* As shown, Judge Robinson interpreted L.R. 54-3 in a way consistent with Fed. R. Civ. P. 30(b)(3) as well as 28 U.S.C. 1920(2). Local Rules must after all give way to statutes and the Federal Rules of Civil Procedure. *See Miranda v. S. Pac. Transp. Co.*, 710 F. 2d 516, 521 (9th Cir. 1983). Judge Robinson's interpretation is also in accordance with the Supreme Court's view that ability to recover costs is "narrow" and "modest" in scope. *Taniguchi*, 132 S. Ct. at 2000. Quite simply, both types are of transcripts, printed and video, are not "necessarily obtained," and, hence, not permitted under 28 U.S.C. § 1920 (2). Therefore, DSS objected to Apple's Bill to the extent it includes costs for both printed **and** electronically recorded deposition transcripts. Instead, only the cost for one method, whichever cost is higher, should be allowed. *Pierson*, 2010 WL 431883 at *4 ("[t]he court will permit recovery of the costs of whichever method resulted in higher cost.").

11.     Application of this proper measure results in costs in the amount of $25,555.70. The Clerk, however awarded $31,243.60. The Clerk clearly agreed with DSS' position that only the cost for either the transcript or the video should be awarded, but apparently made a mathematical error. The taxable costs claimed by Apple are set forth in the table below (the Non-Objected to amounts are highlighted in third column and totaled in the right column; DSS has included costs of copies of exhibits (per L.R. 54-3(c)(3)) and one shipping/handling

-6-

charge).[3]  With the understanding that the Clerk agreed with DSS that only the higher of either the cost for a transcript or video should be awarded, DSS submits that the correct calculation of costs of $25,555.70.  One possible explanation for the disparity is that perhaps the Clerk mistakenly included the costs for Exhibits of $5,653.80, which was taxed as a separate line item, on the Bill.

| Date | Transcript | Amount of Costs Claimed by Apple | Total of Non-Objected to Amounts |
|---|---|---|---|
| 9/18/2014 | Phillip Carvey | *Certified Transcript: $446.40*<br>*Exhibits: $10.80*<br>**Carvey Subtotal: $475.20** | $446.40<br>Exhibits: $10.80 |
| 5/14/2019 | Jeffrey Ronaldi | *Certified Transcript: $1,594.95*<br>*Black & White Exhibits: $32.70*<br>*Color Exhibits: $160.00*<br>*Shipping and Handling: $55.00*<br>~~Video: $1,412.50~~<br>~~Video Shipping and Handling: $40.00~~<br>~~Ronaldi Subtotal: $3,295.15~~ | $1,649.95<br>($1,649.95 Includes shipping and handling)<br>Exhibits: $192.70 |
| 5/15/2019 | Jason Giles | *Certified Transcript: $1,090.20*<br>*Exhibits: $275.75*<br>*Shipping and Handling: $25.00*<br>~~Video: $1,000.00~~<br>~~Video Shipping and Handling: $28.00~~<br>~~Giles Subtotal: $2,418.95~~ | $1,115.20<br>Exhibits: $275.75 |

[3] While some courts deny shipping charges, the courts in this district generally allow deposition shipping charges.  *See Emblaze Ltd. v. Apple, Inc.*, 2015 WL 1304779 at *5; n. 39 (N.D. Cal. March 20, 2015).  Therefore, DSS does not dispute the taxing of one shipping/handling charge for one version, printed or video, for each deposition.

| Date | Transcript | Amount of Costs Claimed by Apple | Total of Non-Objected to Amounts |
|---|---|---|---|
| 5/21/2019 | Heather Mewes | *Certified Transcript: $451.95* *Exhibits: $172.50* *Shipping and Handling: $25.00* ~~Video: $312.50~~ ~~Video Shipping and Handling: $28.00~~ ~~Mewes Subtotal: $989.95~~ | $476.95 Exhibits: $172.50 |
| 5/21/2019 | Richard Parrinello | ~~Certified Transcript: $724.50~~ *Black & White Exhibits: $11.40* *Color Exhibits: $164.00* ~~Shipping and Handling: $55.00~~ *Video: $877.50* *Video Shipping and Handling: $40.00* ~~Parrinello Subtotal: $1,872.40~~ | $917.50 Exhibits: $230.40 |
| 5/22/2019 | Phillip Jones | ~~Certified Transcript: $1,386.00~~ *Black & White Exhibits: $136.80* *Color Exhibits: $587.50* ~~Shipping and Handling: $110.00~~ *Video: $1,505.00* *Video Shipping and Handling: $40.00* ~~Jones Subtotal: $3,765.30~~ | $1,545.00 Exhibits: $724.30 |
| 5/23/2019 | Scott Brodrick | *Certified Transcript: $984.75* *Exhibits: $120.00* *Shipping and Handling: $25.00* ~~Video: $937.50~~ ~~Video Shipping and Handling: $28.00~~ ~~Brodrick Subtotal: $2,095.25~~ | $1,009.75 Exhibits: $120.00 |
| 5/23/2019 | Jeffrey D'Angelo | *Certified Transcript: $1,155.00* *Exhibits: $63.60* *Shipping and Handling: $80.00* ~~Video: $1,090.00~~ ~~Video Shipping and Handling: $40.00~~ ~~D'Angelo Subtotal: $2,428.60~~ | $1,235.00 Exhibits: $63.60 |

| Date | Transcript | Amount of Costs Claimed by Apple | Total of Non-Objected to Amounts |
|---|---|---|---|
| 5/30/2019 | Michael Jaynes | ***Certified Transcript: $760.50*** ***Exhibits: $2.50*** ***Shipping and Handling: $25.00*** ~~Video: $687.50~~ ~~Video Shipping and Handling: $28.00~~ ~~Jaynes Subtotal: $1,503.50~~ | $785.50 Exhibits: $2.50 |
| 6/4/2019 | Shawn Ding | ***Certified Transcript: $1,193.70*** ***Exhibits: $242.25*** ***Shipping and Handling: $25.00*** ~~Video: $937.50~~ ~~Video Shipping and Handling: $28.00~~ ~~Ding Subtotal: $2,426.45~~ | $1,218.70 Exhibits: $242.25 |
| 6/10/2019 | Christopher Mullens | ~~Certified Transcript: $917.70~~ ***Exhibits: $231.25*** ~~Shipping and Handling: $25.00~~ ***Video: $1,062.50*** ***Video Shipping and Handling: $28.00*** ~~Mullens Subtotal: $2,264.45~~ | $1,090.50 Exhibits: $231.25 |
| 6/11/2019 | Timothy Fincham | ***Certified Transcript: $294.50*** ***Black & White Exhibits: $2.70*** ***Color Exhibits: $49.00*** ***Shipping and Handling: $120.00*** ***Fincham Subtotal: $466.20*** | $414.50 Exhibits:  $51.70 |
| 6/12/2019 | Laura Metz | ***Certified Transcript: $1,046.50*** ***Exhibits: $252.35*** ***Shipping and Handling: $25.00*** ~~Video: $937.50~~ ~~Video Shipping and Handling: $28.00~~ ~~Metz Subtotal: $2,289.35~~ | $1,071.50 Exhibits: $252.35 |

-9-

| Date | Transcript | Amount of Costs Claimed by Apple | Total of Non-Objected to Amounts |
|---|---|---|---|
| 6/21/2019 | Benjamin Walter | ~~Certified Transcript: $474.50~~<br>*Exhibits: $85.50*<br>~~Shipping and Handling: $25.00~~<br>*Video: $500.00*<br>*Video Shipping and Handling: $28.00*<br>~~Walter Subtotal: $1,113.00~~ | $528.00<br>Exhibits: $85.50 |
| 6/28/2019 | George Andrew Gordon | ~~Certified Transcript: $1,109.25~~<br>*Black & White Exhibits: $222.60*<br>*Color Exhibits: $35.00*<br>~~Shipping and Handling: $82.50~~<br>*Video:  $1,385.00*<br>*Video Shipping and Handling: $27.50* | $1,412.50<br>Exhibits: $257.60 |
| 7/9/2019 | Albert Girod | *Certified Transcript: $1,008.00*<br>*Black & White Exhibits: $33.60*<br>*Color Exhibits: $5.00*<br>*Shipping and Handling: $80.00*<br>~~Video: $800.00~~<br>~~Video Shipping and Handling: $40.00~~<br>~~Girod Subtotal: $1,966.60~~ | $1,088.00<br>Exhibits: $38.60 |
| 7/25/2019 | Jody Sankovitch | *Certified Transcript: $985.80*<br>*Exhibits: $587.25*<br>*Shipping and Handling: $115.00*<br>*Sankovitch Subtotal: $1,688.05* | $1,100.80<br>Exhibits: $587.25 |
| 8/6/2019 | Pamela Avallone | ~~Certified Transcript: $1,014.75~~<br>*Exhibits: $24.25*<br>~~Shipping and Handling: $80.00~~<br>*Video: $1,157.50*<br>*Video Shipping and Handling: $40.00*<br>~~Avallone Subtotal: $2,316.50~~ | $1,197.50<br>Exhibits: $24.25 |

| Date | Transcript | Amount of Costs Claimed by Apple | Total of Non-Objected to Amounts |
|---|---|---|---|
| 8/30/2019 | Paul Meyer | ***Certified Transcript: $993.60*** <br> ***Exhibits: $195.30*** <br> ***Shipping and Handling: $25.00*** <br> ~~Video: $812.50~~ <br> ~~Video Shipping and Handling: $28.00~~ <br> ~~Meyer Subtotal: $2,054.40~~ | $1,018.60 <br> Exhibits: $195.30 |
| 9/13/2019 | Thomas Fuja | ***Certified Transcript: $1,148.85*** <br> ***Exhibits: $257.60*** <br> ***Shipping and Handling: $25.00*** <br> ~~Video: $965.50~~ <br> ~~Fuja Subtotal: $2,396.95~~ | $1,173.85 <br> Exhibits: $257.60 |
| 9/25/2019 | Scott Denning | ~~Certified Transcript: $913.75~~ <br> ***Black & White Exhibits: $113.10*** <br> ***Color Exhibits: $488.00*** <br> ~~Shipping and Handling: $55.00~~ <br> ***Video: $1,830.00*** <br> ***Video Shipping and Handling: $40.00*** <br> ~~Denning Subtotal: $3,439.85~~ | $1,870.00 <br> Exhibits: $601.10 |
| 9/25/2019 | Walter Bratic | ~~Certified Transcript: $920.70~~ <br> ***Black & White Exhibits: $22.50*** <br> ***Color Exhibits: $460.00*** <br> ~~Shipping and Handling: $95.00~~ <br> ***Video: $1,345.00*** <br> ***Video Shipping and Handling: $40.00*** <br> ~~Brattic Subtotal: $2,883.20~~ | $1,385.00 <br> Exhibits: $482.50 |
| 9/27/2019 | Randal Direen | ~~Certified Transcript: $990.25~~ <br> ***Black & White Exhibits: $42.00*** <br> ***Color Exhibits: $567.00*** <br> ~~Shipping and Handling: $55.00~~ <br> ***Video: $1,765.00*** <br> ***Video Shipping and Handling: $40.00*** <br> ~~Direen Subtotal: $3,459.25~~ | $1,805.00 <br> Exhibits: $609.00 |

| Date | Transcript | Amount of Costs Claimed by Apple | Total of Non-Objected to Amounts |
|---|---|---|---|
| **Total Cost for Transcripts, Video, and Shipping and Handling:** ~~$44,798.60~~ | | | **$25,555.70** |
| **Total Cost for Exhibits:** $5,653.80 | | | **$5,653.80** |
| **Total Combined Deposition Costs:** ~~$50,452.40~~ | | | **$31,209.50** |

12.     In conclusion, the Clerk correctly awarded costs only for either the transcript or the video but not both.  How the Clerk arrived at $31,243.60 is a mystery.  There appears to have been either (1) a math error or (2) the costs for exhibits was also counted since together those costs amount to $31,209.50, which is similar to the Combined Costs shown immediately above (last line, $31,209.50).  DSS requests that the Court reduce the $31,243.60 taxed by the Clerk to $25,555.70.

**C.     Third Issue: Clerk's Taxed Costs for "Costs of Reproducing Documents" Should Be Reduced**

13.     The Clerk appears to have accepted DSS' objection that the generic block billing activities listed under "Other" and "Project Management" are not taxable.  *See* Objections, ¶¶ 27 – 29; 31 – 32.  The Clerk appears to have taxed the numerous tasks labelled "Production Module" or "Production" (*see* Objections, ¶¶ 27; 30; 33 – 34).  DSS accepts the Clerk's decision to apparently bill "Production Module" or "Production" entries EXCEPT for three entries clearly and inexplicably labelled as "Production" for "Source Code."  As explained in DSS' Objections (*see* ¶¶ 32; p. 25, l. 2; p. 26, l. 1), Source Code in this case was "produced" by having DSS' expert designate pages to be printed, then the source code was printed at the location of the Source Code Review Computer.  No source code was produced in electronic form (TIFF plus load file).  These charges amount to $637.50:

-12-

| ITEM | COST |
|------|------|
| 05/07/2019..Production..JGardner..SourceCode_Production001_05.06.19 | $212.50 |
| 05/14/2019..Production..JGardner..SourceCode_Production002_05.14.19 | $212.50 |
| 05/29/2019..Production..JGardner..SourceCode_Production003_05.29.19 | $212.50 |
| TOTAL | $637.50 |

14,     DSS does not presently object[4] to the following costs, but the Clerk appears to have made a math error.  The total costs for entries "Production Module" or "Production" are $16,946.18 as shown in the following table:

| ITEM | COST |
|------|------|
| 05/27/14..Production Module..PTHOMAS; Production002 | $212.50 |
| 10/05/2018..Rbayot..Production001_10.05.18_ReRun | $212.50 |
| 11/2/2018..Jgardner..Production002_11.02.18 | $212.50 |
| 12/11/2018..Jgardner..Production003_12.11.18 | $212.50 |
| 12/17/2018..Jgardner..Production004_12.17.18 | $212.50 |
| 01/10/2019..Jgardner..Production005_01.10.19 | $212.50 |
| 01/14/2019..Jgardner..Production006_01.14.19 | $212.50 |
| 01/16/2019..Jgardner..PRoduction007_01.15.19 | $212.50 |
| 02/01/2019..Jgardner..Production011_02.01.19 | $212.50 |
| 01/20/2019..Jgardner..Production005_01.10.19 | $212.50 |
| 01/14/2019..Jgardner..Production006_01.14.19 | $212.50 |
| 01/28/2019..Jgardner..Poduction009_01.28.19 | $212.50 |
| 01/29/2019..Jgardner..Production010_01.29.19 | $212.50 |

---

[4] While DSS' objections stated in its Objections, ¶¶ 30; 33 – 34 are were well founded, in the spirit of compromise and to avoid unduly burdening the Court, DSS withdraws these objections except as to the objection related to the alleged production of source code as noted in ¶ 13.

| ITEM | COST |
|------|------|
| 03/06/2019..JGardner..Production013_03.06.19 | $212.50 |
| 03/08/2019..Jgardner..Production014_03.08.19 | $212.50 |
| 04/05/2019..Tbond..Production016_04.04.19 | $212.50 |
| 04/05/2019..Tbond..Production017_04.05.19 | $2,572.04 |
| 04/24/2019..Production..jgardner..Production020_04.24.19 | $666.13 |
| 04/25/2019..Production..Jgardner..Production021_04.25.19_REDO | $1,591.61 |
| 04/26/2019..Production..Jgardner..Production023_04.26.19 | $212.50 |
| 04/29/2019..Production..jgardner..Production022_04.26.19_Redo2 | $212.50 |
| 05/01/2019..Production..Jgardner..Production024_05.01.19_Redo | $1,312.63 |
| 05/03/2019..Production.Jgardner..Production025_05.03.19_Redo | $634.20 |
| 05/07/2019..Production..Jgardner..Production027_05.07.19 | $212.50 |
| 05/07/2019..Production..Jgardner..Production026_05.07.19_Redo | $617.88 |
| 05/10/2019..Production..Jgardner..Production028_05.09.19 | $1,476.69 |
| 05/10/2019..Production..Jgardner..Production029_05.10.19 | $212.50 |
| 05/14/2019..Production..Jgardner..Production030_05.14.19 | $212.50 |
| 05/16/2019..Production..Jgardner..Production031_05.15.19 | $212.50 |
| 05/22/2019..Production..Jgardner..Production032_05.22.19 | $212.50 |
| 05/24/2019..Production..Jgardner..Production033_05.24.19 | $212.50 |
| 05/25/2019..Production..Jgardner..Production034_05.25.19_REDO3 | $212.50 |
| 06/03/2019..Production..Jgardner..Production036_06.03.19 | $212.50 |
| 06/04/2019..Production..Jgardner..Production035_06.03.19 | $212.50 |
| 06/07/2019..Production..Jgardner..Production037_06.07.19 | $212.50 |
| 06/11/2019..Production..Jgardner..Production038_06.11.19 | $212.50 |
| 06/13/2019..Production..Jgardner..Production039_06.13.19 | $212.50 |
| 06/14/2019..Production..Jgardner..Production040_06.13.19 | $212.50 |

**PLAINTIFF'S MOTION FOR REVIEW OF BILL OF COSTS – CASE NO. 4:14-CV-05330 HSG**

| ITEM | COST |
|------|------|
| 06/18/2019..Production..Jgardner..Production041_06.18.19 | $212.50 |
| 06/27/2019..Production..Tbond..Production042_06.27.19 | $212.50 |
| 07/10/2019..Production..Jgardner..Production042_07.10.19 | $212.50 |
| 08/08/2019..Production..Tbond..Production043_08.08.19 | $212.50 |
| TOTAL | $16,308.68 |

15.     DSS requests that the Court lower the $19,775.64 taxed to $16,308.68.  To the extent the Clerk taxed anything other than "Production Module" or "Production," DSS maintains its Objections stated in Objections (¶¶ 17 – 29), incorporated herein by reference.

**D.     Fourth Issue:  Apple's Costs for "Graphics, Demonstratives, and Visual Aids" Are Not Taxable**

16.     Apple seeks costs for expenses billed by its vendor, Thomas Goodin, for three separate activities: (1) "Demonstrative work for Technology Tutorial" in the amount of $4,700; (2) "Demonstrative work for *Markman* hearing", performed in 2014, in the amount of $2,700; and (3) "Demonstrative work for *Markman* hearing" and "Demonstrative work for *Markman* Hearing slides" performed in 2018 in the amount of $8,500.  *See* Schedule H, Dkt. 449-9, p. 2 of 5.

17.     Apple cites 28 U.S.C. § 1920(4), which provides that "[f]ees for exemplification… ." Thompson Decl., ¶ 55.  Apple also cites L.R. 54-3(d)(5), which provides as follows: "[t[he cost of preparing charts, diagrams, videotapes or other visual aids to be used as exhibits is allowable *if* such exhibits ***are reasonably necessary to assist the jury or the Court in understanding the issues at trial***."  L.R. 54-3(d)(5) (emphasis added); *Id*.  The important point missed by Apple is the condition beginning with the "if" – only materials prepared to assist "the jury or the Court … ***at trial***" are taxable.  By the description found in Schedule H and the invoices attached, these materials were not prepared for use ***at trial*** but instead were prepared in connection with the claim construction (*Markman*) hearing.  Therefore, DSS objects to these costs, which should not be taxed.

18.     Apple relies on one Ninth Circuit case from 1998, *Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1998), and three opinions from this District, all issued on or before November 2010.  Thompson Decl., ¶ 57.  Thus, all of these cases predate the Supreme Court's decision in *Taniguchi*, 132 S. Ct. at 2000 (2012), which again stated that the ability to recover costs is modest and limited.  *See In re Online DVD*, 779 F.3d at 925.  Prior to *Taniguchi*, the Ninth Circuit had perhaps become too lenient in taxing costs.  *Taniguchi*, 132 S. Ct. at 2000 (reversing Ninth Circuit decision).  Therefore, the cases cited by Apple, to the extent they uphold taxing costs for "exemplification" items prepared for a mere hearing, such as the *Markman* hearing, and not trial are inapplicable.  Furthermore, *Maxwell* supports DSS' position.  The "photographic materials" at issue there were "used at trial."  *Maxwell*, 862 F.2d at 770.

19.     Therefore, for all of these reasons, DSS objects to the taxation of the costs shown in Schedule H of the Thompson Decl. in the amount of $15,900, and requests that this cost be denied as taxable.

## IV.     Conclusion

20.     After all of the objectionable costs are removed, the costs that DSS does not object to as taxable are as follows:

| | |
|---|---|
| Filing Fees | $0.00 |
| Fees for service of process | $0.00 |
| Reporters Transcripts | $0.00 |
| Originals and Copies of Deposition Transcripts ~~and~~ **or** Video | $25,555.70 |
| Exhibits to Depositions | $5,653.80 |
| Witness Fees and Expenses | $280.00 |
| Government Records | $1,075.00 |
| Cost of Reproducing  Documents | $16,308.68 |
| "Visual Aids" | $0.00 |
| **TOTAL:** | **$48,873.18** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For the foregoing reasons, DSS respectfully requests that the Court review the Bill of Costs, which taxed costs in the amount of $74,423.84, and lower the amount of costs to include only those categories and amounts shown immediately above, which total **$48,873.18**.

**PLAINTIFF'S MOTION FOR REVIEW OF BILL OF COSTS – CASE NO. 4:14-CV-05330 HSG**

1    DATED:  April 1, 2020

2                                                    BUETHER JOE & CARPENTER, LLC

3                                        By:     /s/ Brian A. Carpenter
                                                 Christopher M. Joe *(PHV)*
4                                                 Chris.Joe@bjciplaw.com
                                                 Eric W. Buether  *(PHV)*
5                                                 Eric.Buether@bjciplaw.com
                                                 Brian A. Carpenter (#262349)
6                                                 Brian.Carpenter@bjciplaw.com
                                                 Kenneth P. Kula *(PHV)*
7                                                 Ken.Kula@bjciplaw.com
                                                 Michael D. Ricketts  *(PHV)*
8                                                 Mickey.Ricketts@bjciplaw.com
                                                 Michael C. Pomeroy *(PHV)*
9                                                 Michael.Pomeroy@bjciplaw.com

10
                                                 1700 Pacific Avenue
11                                                Suite 4750
                                                 Dallas, TX  75201
12                                                (214) 466-1273
                                                 (214) 635-1829 - Fax
13

14

15                                                RUSS AUGUST & KABOT

16                                                Adam Hoffman  (#218740)
                                                 ahoffman@raklaw.com
17                                                Marc A. Fenster (#181067)
                                                 mfenste@raklaw.com
18                                                12424 Wilshire Boulevard
                                                 12th Floor
19                                                Los Angeles, CA  90025
                                                 (310) 826-7474
20                                                (310) 826-6991 - Fax

21
                                                 Attorneys for Plaintiff
22                                                DSS Technology Management, Inc.

23

24

25

26

27

28

                                              -18-

1

## **CERTIFICATE OF CONFERENCE**

2

3

Pursuant to L.R. 54-2(b), on March 19, 2020, the below-signed counsel and counsel for

4

Apple met and conferred regarding these objections to the Bill of Costs.  No agreement was

reached.

5

Dated:  April 1, 2020                                 /s/ *Brian A. Carpenter*

6                                                                      Brian A. Carpenter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION FOR REVIEW OF BILL OF COSTS – CASE NO. 4:14-CV-05330 HSG**